## MARY A. COFFIELD *v.* THE TERRITORY OF HAWAII.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 4, 1901.          DECIDED JULY 20, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The Territory of Hawaii is not liable for injuries from defective streets.

OPINION OF THE COURT BY FREAR, C.J.

This is an action for $25,000 damages for injuries alleged to have been sustained by the plaintiff from falling into a ditch, on the night of December 10, 1900, as a result of the alleged

negligence of the defendant in failing to provide guard rails or other protection along said ditch or to give warning of the existence of the ditch, which ditch crossed an alleged public thoroughfare in the city of Honolulu.

The case comes here on exceptions to an order sustaining the defendant's demurrer and dismissing the plaintiff's complaint.

The main question is whether an action lies against the Territory for a tort of this kind.

The general rule is that a state is not liable to be sued except by its consent. Such consent is often given, though it is seldom extended to cases of tort. It was given even in such cases by a former statute in these islands. *High v. Hawaiian Government*, 8 Haw. 546; *Dillingham v. Hawaiian Government*, 9 *Ib.* 101. In the first of these cases the court remarked: "It is interesting to note in this connection that no other sovereign state has ever held itself liable to individuals for the misfeasance, laches or unauthorized exercise of power by its officers and agents." Subsequently that statute was repealed and another (Civ. L. Ch. 98) was enacted which was taken substantially from that of the United States relating to the court of claims and which limited the jurisdiction of the court over cases against the government to cases *ex contractu* and excluded those in tort. *Bush v. Territory, ante*, p. 1.

This suit however is not brought under that statute but is brought against the Territory on the theory that it was created a municipal corporation by Congress and as such was made liable like other municipal corporations for torts of the kind in question and that the statute above referred to was to that extent repealed by the Organic Act under which the Territory was created.

In a certain sense all governments are municipal corporations. In this sense each of the several States and the United States is such a corporation. Yet these, being sovereignties, are not liable to suit in their own courts except by their own consent. The same is true of certain political subdivisions, such as counties, townships, school districts, road boards, &c. These also are

in a sense municipal corporations, and yet they share in the
immunity of the state from liability to suit unless made liable by
statute. They are often described as quasi corporations and are
regarded principally as agencies, auxiliaries or instrumentalities
of the general government. There is, however, a political sub-
division of another class that is usually created by     rter or
incorporated under statutes, generally for a community more or
less compact, supposedly at the request or with the consent ex-
press or implied of the members thereof, and mainly for the
special interests and convenience of the particular locality and
its people. Such corporations are supposed to have a private
character to a certain extent and are therefore held to be liable
like other private corporations. They are often spoken of as
municipal corporations proper as distinguished from the other
class above referred to as quasi corporations. See 1 Dill. Mun.
Corp. §§20, 23, 26. Bearing in mind this distinction between
municipal corporations proper and quasi corporations, the gen-
eral rule is, as stated in 2 Ib. 997, 998, that "In the United
States, *there is no common-law obligation* resting upon *quasi
corporations*, such as counties, townships, and New England
towns, to repair highways, streets, or bridges within their limits,
and they are not obliged to do so unless by force of statute.
Even when the legislature enjoins upon corporations of this
character the duty to make and repair roads, streets, and bridges,
and confers power to levy taxes therefor, the general tenor of
the decisions is to treat this as a *public*, and not a *corporate*,
duty, and to regard such corporations, in this respect, as *public
or State agencies*, and not liable to be sued civilly for damages
caused by the neglect to perform this duty, unless the action
be expressly given by statute;" but, "The general doctrine of
American courts  *  *  *  *  *in respect of municipal corpora-
tions proper*, has been to hold them civilly liable for injuries
from defective streets." This distinction may not be based
altogether on sound reasoning but it is well established.

To which form of government is that of the Territory most
analogous? To that of a State or the United States or a political

subdivision created as an instrumentality thereof, or to that of a municipal corporation proper? In our opinion Congress did not intend in creating the Territory to create a municipal corporation proper with the liabilities of such a corporation. No express provisions in the Organic Act indicate such an intention. On the contrary the express provisions, so far as they bear on the question, would seem to favor the view that Congress intended to continue in force the former statutes which exempted the government from liability in cases of this character. See Org. Act, §§6, 55, 83. And no inference of a contrary nature can be drawn from the general form of government created by the Act as a whole. It is true, the Supreme Court of the United States has held that the District of Columbia was to be regarded as a municipal corporation proper for purposes of this kind under the Act of 1871, but that Act expressly constituted the District "a body corporate for municipal purposes," with power to "sue and be sued" and to "exercise all other powers of a municipal corporation" not inconsistent with the Constitution, and laws of the United States. *Barnes v. Dist. of Columbia,* 91 U. S. 540. The government of these islands is very different from that which was provided for the District of Columbia under that statute and was formed under very different conditions. It is that of an organized territory and is even more like that of a State than is the case with other organized territories. It is a government for a large area distributed over many islands separated by wide channels, with comparatively infrequent communication between the islands as well as between different parts of each island and with a scattered population. It is largely a continuation of the form of government previously existing here which certainly was never regarded as in the nature of a municipal corporation proper. The question is one of the intention of Congress. It cannot safely be said that because the government of this Territory possesses this or that feature in common with the government of the District of Columbia or any other municipal corporation proper that therefore Congress intended to create such a corporation here with

the usual liabilities of such a corporation. The fact that the Territory is in a sense a municipal corporation does not render it liable to suit. That does not render a state liable to suit. The fact that it is a political subdivision does not render it liable. That does not render a county liable. The fact that it is no longer a sovereignty does not render it liable. Counties are not sovereignties. Power to sue does not require as a correlative liability to suit. States may sue but may not be sued in their own courts without their consent. No cases has been produced in which a territory has been held liable to suit, and yet if it were considered liable there would naturally be such cases. There are references to cases which are not at hand which seem to hold the contrary even in cases of contract. *Langford v. King*, 1 Mont. 38; *Fiske v. Cuthbert*, 2 *Ib.* 593; Church, N. W. Dig., Tit. Territories; 63 Am. Dec. 132, note. Other courts have used language which seems to indicate that Territories have not been regarded as municipal corporations proper. For instance in *Ex parte Morgan*, 20 Fed. Rep. 298, the court said: "A territory, under the Constitution and laws of the United States, is an inchoate state." In *National Bank v. County of Yankton*, 101 U. S. 129, the court said: "The Territories are but political subdivisions of the outlying dominion of the United States. Their relation to the general government is much the same as that which counties bear to the respective States." In *Snow v. United States*, 18 Wall. 317, it was held proper to prosecute criminal cases in the name of a Territory though strictly speaking there was no sovereignty in the Territory.

The exceptions are overruled.

*Kinney, Ballou & McClanahan* for the plaintiff.

*Attorney-General E. P. Dole* for the defendant.