[Civ. No. 7734.   Third Dist.   May 3, 1950.]

MARIE SAYRE et al., Appellants, v. EL DORADO COUNTY HIGH SCHOOL DISTRICT et al., Respondents.

Philip C. Wilkins and Rowland & Craven for Appellants.

T. L. Chamberlain, F. L. Sinclair and Henry S. Lyon for Respondents.

ADAMS, P. J.—This action was brought by the surviving widow and children of Edgar Allen Sayre, to recover damages for the death of the husband and father, it being alleged that Sayre was killed in a collision between an automobile driven by him and a school bus driven by defendant Roy H. Chaix, an employee of the school district, which collision was due to the negligence of the bus driver. The complaint was filed September 15, 1948, and attached to it was a copy of a claim which had been filed with the school district in April, 1948, and denied. On October 16, 1948, defendent demurred to the complaint on the grounds that no cause of action was stated, and that it was uncertain in that it could not be ascertained therefrom whether the claim had been served upon the secretary or clerk of the district within ninety days after the alleged accident occurred, or that said claim was verified. The demurrer was sustained with permission to amend, and on February 5, 1949, plaintiffs filed an amended complaint. On February 10, 1949, defendants demurred to that complaint again on the general ground, also alleging that it was uncertain in that it could not be ascertained therefrom whether the claim had been served upon the secretary or clerk of the district. This demurrer was sustained without leave to amend, the court, in its order, stating "that the verified claim attached to and incorporated in said First Amended Complaint has no definite allegation describing the place of accident, as required by Section 1007 of the Education Code, which makes it impossible that said claim and complaint may be amended or changed with respect to such particular description and definite location of the place of the accident." The allegation of the claim in this respect was that Roy H. Chaix, acting within the scope of his employment as driver of a school bus for the district, "was driving and operating the said school bus upon U. S. Highway No. 50 within the County of El Dorado."

■ The only question presented upon this appeal is whether the foregoing allegation constitutes a sufficient specification of the "place of the accident," as provided by section 1007 of the Education Code.

The present tendency of the courts is to give a liberal con-

struction to claims statutes, and to hold that where a claimant has made a reasonable attempt to comply with the law in good faith, and no intent to mislead or conceal appears, the claim will be held sufficient in the absence of anything indicating that the defendant has been misled. See *Perry* v. *City of San Diego*, 80 Cal.App.2d 166, 169 [181 P.2d 98] ; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal.App.2d 215, 223 [82 P.2d 216] ; *Silva* v. *County of Fresno*, 63 Cal.App.2d 253, 257 [146 P.2d 520] ; *Kelso* v. *Board of Education*, 42 Cal. App.2d 415, 422 [109 P.2d 29] ; *Uttley* v. *City of Santa Ana*, 136 Cal.App. 23, 25 [28 P.2d 377]. Also section 3 of the Education Code provides that such code and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice.

There is no contention here that the allegations of the claim as filed misled defendants. Neither of the demurrers, though both set up grounds of uncertainty of the claim in other respects, contained any alleged uncertainty for failure of the claim to aver the place of the accident, and the second one was filed some ten months after the filing of the claim. Code section 1007 does not require "a particular description and definite location of the place of the accident," as was apparently the trial court's view of its requirements, but only the place of the accident. We think that plaintiffs made a reasonable attempt to comply therewith in good faith, and that the defendants were nowise misled.

The judgment is reversed.

Peek, J., and Sparks, J. pro tem., concurred.