MILLEDGE, STANLEY, Associate Judge.
A summary judgment for the defendant was entered in an action by a minor for negligence in maintaining a vacant lot owned by the city, to which the plaintiff and other children were attracted by the sewer pipes stored there. The judgment was entered on the sole ground that the notice required by section 45 of chapter 7672, Special Acts 1917, as subsequently amended, the charter of the city, was not given. This section requires “that written notice of such damages (be given) within 30 days after receiving of the injury alleged, given to the city attorney with such reasonable specifications as to time and place and witnesses as would enable the city officials to investigate the matter.”
The accident occurred on July 23, 1957, on a vacant lot owned by the city. On that date it was investigated by police officers of the city who filed a detailed written report thereof with the city, showing the exact location of the place of the accident, how and when it happened and the names and addresses of the plaintiff’s two playmates who were witnesses. The report shows that photographs of the locations were taken by.another police officer.
On August 16, 1957, the then attorney for the plaintiff wrote a letter to the city attorney giving written notice that the plaintiff had been hurt by the negligence of the city on July 23, 1957, witnessed by some children whose names counsel had not then yet obtained.
On August 22, 1957, the day of the 30-day period specified by charter expired, the city attorney wrote to plaintiff’s lawyer that the notice was not sufficient compliance with § 45, of which he enclosed a copy, and added: “I would recommend your compliance therewith so that your client’s, rights will not be endangered.”
On August 26, 1957, plaintiff’s counsel wrote the city attorney giving the precise place of the accident and referred to the police report.
' On the authority of Olivier v. City of St. Petersburg, Fla.1953, 65 So.2d 71, a summary judgment for want of statutory notice was entered, the correctness of which is challenged by this appeal. There is a very significant difference between the notice required by the St. Petersburg Charter and that required by the Miami Beach Charter. As appears from the opinion in the Olivier case, the St. Petersburg provision is a categorical requirement without regard to any standard of reasonableness. The Miami Beach notice requirement qualifies the specification of detail according to its fulfillment of the object, stated: “* * * with such reasonable specifications as to time and place and witnesses as would enable the city officials to investigate the matter.” (Emphasis added.)
It can hardly be said that due to the insufficiency of detail in the notice from plaintiff’s counsel “the City officials were unable to investigate the matter” when actually they investigated “the matter” the very day of its occurrence. We do not have to decide the sufficiency of the notice to comply with any other statutes than that relating to Miami Beach.
In Magee v. City of Jacksonville, Fla.1956, 87 So.2d 589, 591, 62 A.L.R.2d 334, the court, in holding a technically defective notice to be adequate compliance, was dealing with a statute which prescribes notice in the identical language of the Miami Beach ordinance and unlike the categorical requirement of the St. Petersburg Charter. In that case, Mr. Justice Thornal, speaking for the Court, said:
“ * * * it appears to us that a just claim, if one exists, should not be denied by the application of strained constructions and the imposition of requirements for minute detail where an examination of the entire notice reveals that it furnished to the city officials adequate information within *22 the framework of the statutory requirements in sufficient detail to enable them to make a thorough investigation of the asserted claim.”
We conclude that under the circumstances of this case the notice given was statutory compliance.
If the written notice of August 16 is considered as defective in form, and taken alone it doubtless is defective, then the city waived the defect. In Kibbe v. City of Miami, 103 Fla. 793, 138 So. 371, 372, the trial judge directed a verdict for the city in a tort case for insufficiency of the written notice. This was reversed in the Supreme Court because the city acquiesced (by not objecting) in the written notice given and because it had full knowledge, “which accomplished the purpose for which a notice of this character is required to be given.” To quote further from the opinion: “Municipal authorities may waive mere defects in form of notice of claims against the city * * * and while municipal authorities may not have the legal right to waive entirely the giving of any notice as required by the charter, they nevertheless have the right to waive a mere defect in the manner or form in which the notice is given.” The Kibbe case was cited with approval in Town of Miami Springs v. Lasseter, Fla.1952, 60 So.2d 774, although not found applicable on the facts.
Here, at least it can be said of the letter of August 16, 1957, that it constitutes written notice. The city, through its city attorney, suggested to plaintiff’s counsel that the notice was defective and that compliance should be made, not for the purpose of enabling the city to investigate, but “so that your client’s rights will not be endangered.” It is as though the city attorney had said, “We have known all about this matter since a few moments after it occurred. We do not actually need to be told the details since for the past 30 days we have had a complete written report of our investigation. We wish to deal with your client’s claim on the basis of merit and not on the basis of verbal pitfalls. To be on the safe side we suggest that you cross your legal V and dot your legal ‘i’.” There is no justification in assuming that the city attorney waited until the 30-day period was about to expire before making his recommendation in order to lull plaintiff’s counsel into a false sense of security. We think he waived the technical defects of the notice of August 16, 1957.
The summary judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.