[No. 35299.　　Department Two.　　August 18, 1960.]

MARY A. HARTLEY, *Respondent,* v. TACOMA SCHOOL DISTRICT
No. 10, *Defendant,* THE CITY OF TACOMA, *Appellant.*[1]

[1]Reported in 354 P. (2d) 897.

*Marshall McCormick* and *Robert R. Hamilton,* for appellant.

*Albert & Andrews,* for respondent.

ROSELLINI, J.—The respondent was injured when she fell on an ice- and snow-covered sidewalk, owned by the appellant city, which crossed property of the defendant school district. The latter was dismissed from the resultant action and is not a party to this appeal, which is taken from a verdict in favor of the respondent.

No error is assigned to the instructions, but the appellant contends that the evidence was such that a verdict in its favor should have been directed by the court, first because the appellant was not negligent, and second, because the respondent voluntarily assumed the risk of the injury which befell her.

The last snowfall prior to the accident had occurred on Tuesday, January 22, 1957. On Monday morning, January 28, the respondent went with her son to the Whitman school to keep an eight o'clock appointment with the principal. On approaching the building, she noted the icy and slippery condition of the sidewalk and on her return, proceeded with caution, but nevertheless slipped and fell, suffering a broken shoulder.

It is urged that the lapse of time between the last snowfall and the accident was not sufficient to justify a finding that the appellant city had constructive notice of the condition of the sidewalk, the argument of the appellant being that it was entitled to rely upon the school district to clear the sidewalks crossing its property as it was required to do by city ordinance.

As the court instructed the jury, where such an ordinance exists, a city is entitled to wait a reasonable time to see if the abutting property owner will remove the snow and ice before the burden is cast upon the city to remove the same within a reasonable time. In determining whether the condition could have been discovered with reasonable diligence, the jury was entitled to take into consideration the location of the sidewalk. In this case the sidewalk was the means of access to the front entrance to a public school attended by over seven hundred children, and was located upon an arterial street adjacent to a shopping area. There was also evidence that maintenance crews of the city had sanded and salted crosswalks and streets in the vicinity at least three times during the preceding six-day period.

In *Niebarger v. Seattle*, 53 Wn. (2d) 228, 332 P. (2d) 463, we held that, as a matter of law, fifteen hours is insufficient to constitute constructive notice. In *Holland v. Auburn*, 161 Wash. 594, 297 Pac. 769, snow had fallen some days before the accident, which occurred on the main business block and, so far as possible, the snow had been removed. However, dripping water had formed a mound of ice on the layer of snow which remained on the sidewalk. The city officer, whose duty it was to tell property owners to clear their sidewalks, passed this place several times a day. Under these facts, the question of constructive notice was submitted to the jury.

Here, we think the jury was likewise justified in finding that sufficient time had elapsed for the appellant to discover the abutting owner's failure to abide by the ordinance, which requires such owners to remove snow

and ice within twenty-four hours after it has accumulated, and that it had failed to remedy the situation within a reasonable time thereafter.

■ The appellant also urges that the court should hold that, as a matter of law, it did all that reasonable care required of it, because it had worked out a system of priorities whereby it sent its maintenance crews first to the most hazardous and congested areas of the city, and had followed that system in this instance.

There was evidence that there are over five hundred miles of streets (and sidewalks) in the city of Tacoma; that there had been freezing weather and snow and ice throughout the early part of January; that on January 22, 23, 24, and 25, from sixty to seventy-two men worked from four hundred sixteen to five hundred sixteen hours a day salting and sanding streets and sidewalks, including those surrounding a number of schools and churches; whereas on Saturday, January 26, although the freezing temperatures continued, a skeleton crew of ten men worked only eighty hours, and on Sunday, the 27th, sixteen men, one hundred twenty-four hours.

Whether this effort on the part of the appellant was sufficient to meet the standard of reasonable care defined by the court's instructions, was a question for the jury.

■ We next reach the question of whether the respondent is precluded from recovery because she voluntarily placed herself in a position of peril. The appellant does not suggest that she was otherwise negligent, but maintains that she could have avoided walking upon the sidewalk, which she admittedly observed to be rough and slippery, by walking upon the parking strip or the street. The respondent testified that she had considered these alternatives, but had been afraid of being hit by a car if she walked in the street and had felt that she would be unsure of her footing in the parking strip, which was also covered with snow.

The court instructed the jury that, in determining whether the respondent voluntarily consented to expose

herself to unreasonable risk, it should consider whether she had a reasonable alternative in her choice of routes. We are not prepared to say that, as a matter of law, the respondent should have taken another path, which appeared to her to be equally dangerous; and we agree with the trial court that the question was for the jury.

It is finally contended that the trial court erred in allowing the respondent to reopen her case at the conclusion of all of the evidence to prove the filing of a claim against the city and in holding that claim valid. No argument is made in support of the first of these contentions, and there is nothing in the record to indicate that the court abused its discretion in allowing the reopening of the respondent's case for this limited purpose.

In regard to the second contention, the gist of the appellant's argument is that the claim did not accurately describe the location of the accident, because it stated that it occurred on school district property on the north side of the street (when in fact it occurred on the south side) and because there was no description of the precise point on the sidewalk where the respondent fell. The appellant points out that the purpose of the notice, required by RCW 35.31.010 and the city charter, is to facilitate an investigation of the claim. But it does not suggest to this court, nor did it suggest to the trial court, although it was invited to do so, that it was in any way misled, inconvenienced, or prejudiced by the defective description. In this case, there was little that could be learned by visiting the exact location of the accident after the ice and snow had melted, and the immateriality of this item of information is borne out by the fact that the only place we find any reference to it in the appellant's brief is in the argument directed to this assignment of error.

The appellant has cited no case in which a court has held that a plaintiff should be denied his day in court because of a defective description in a claim when the defect did not mislead or inconvenience the defendant; and

could such an authority be found, we would not be inclined to follow it.

We have uniformly held that a claim for damages resulting from the negligence of a city or county, filed in compliance with a requirement of statute or ordinance, should be liberally construed, and if it directs the city's officers to the place of the accident with reasonable certainty, it is sufficient. *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43; *Hase v. Seattle,* 51 Wash. 174, 98 Pac. 370; *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431.

We find no merit in the appellant's contention that the claim was invalid.

The judgment is affirmed.

WEAVER, C. J., FINLEY, and FOSTER, JJ., concur.

MALLERY, J., dissents.

---

October 6, 1960. Petition for rehearing denied.