[Civ. No. 25288. Second Dist., Div. Three. Jan. 26, 1962.]

GERTRUDE L. MACE, Plaintiff and Appellant, v. CITY OF PASADENA, Defendant and Respondent.

Elmer Low for Plaintiff and Appellant.

Wendell R. Thompson, City Attorney, Hahn & Hahn and Leonard M. Marangi for Defendant and Respondent.

SHINN, P. J.—The present action was instituted by Gertrude L. Mace against the City of Pasadena and others seeking damages for injuries she sustained when she stepped into a hole in the street and fell. Judgment was entered in favor of the city and she appeals.

The city's answer admitted the allegation of the amended complaint "that on February 9, 1959 there existed a hole approximately two feet east of the westerly curb of South Catalina Avenue in the City of Pasadena and approximately 124 feet south of the southwest corner of the intersection of San Pasqual Avenue and South Catalina Avenue, which hole was approximately 18 inches in diameter." Except as expressly admitted the city denied generally and specifically all the allegations of the complaint asserted as a basis of the city's liability for plaintiff's injury and damage. It was admitted that plaintiff fell in the vicinity of the hole and suffered a broken ankle.

It was alleged in the amended complaint that plaintiff duly served on the city clerk of Pasadena a notice of claim for damages arising out of said accident, stating the time of the accident, the circumstances of it, the injuries sustained by plaintiff, but stating further that the accident occurred on Catalina Avenue about 124 feet south of the intersection of Catalina Avenue and Del Mar Street, when it should have stated "San Pasqual" instead of "Del Mar."

In the answer of the city it was alleged that the claim did not meet the requirements of section 53053 of the Government Code, as it read at the time of the accident, in that it failed to set forth the correct place of the accident, and this was asserted as a defense to the action. There were other special defenses that do not call for consideration.

Pursuant to pretrial order the parties agreed to submit a statement of facts and to stipulate that "The court may determine the legal question of the sufficiency of the claim prior to the taking of any evidence before a jury." The statement was not agreed upon, but it appears that a partial trial was had on the limited issue of the sufficiency of plaintiff's claim under the provisions of the Public Liability Act, in which the material facts were orally stipulated, and at the conclusion there-

of, the court found that the claim stated that plaintiff fell on South Catalina Avenue 124 feet south of the southwest corner of the intersection of Del Mar Boulevard and South Catalina Avenue whereas plaintiff fell when she stepped into a hole approximately 124 feet south of the southwest corner of the intersection of San Pasqual Avenue and South Catalina Avenue. It was also found that the claim was not sufficient to give notice to the city of the place where the accident occurred.

In one of its findings the court concluded that plaintiff's claim did not substantially comply with the requirements of section 53051 et seq., Government Code. Judgment was entered in favor of the city.

We have concluded that plaintiff's claim was legally sufficient, and that the judgment should be reversed.

At the trial it was stipulated that a tree was removed from Catalina south of San Pasqual, leaving a hole as described by plaintiff; the accident occurred about 6:45 p. m. and at 7:21 p. m., the city police took a statement from plaintiff at the hospital, following which they went to the scene of the accident and took photographs. This, it was stipulated, gave the city knowledge of the hole and of plaintiff's fall shortly after it occurred. It was also stated on behalf of the city that the city did not know that a mistake had been made in the claim until immediately prior to the pretrial conference. It is agreed that San Pasqual is located a full block south of Del Mar and that the police learned in their interview with plaintiff where the hole was located. It was also stipulated that the city filled up the hole temporarily on the following day and made a permanent repair on March 2d. The city has never questioned its responsibility for the existence of the hole.

Our only purpose in stating the foregoing facts is that they have direct bearing upon the sufficiency of the claim. While mere knowledge of the city of the existence and location of the hole in the street could not supply a material deficiency in the claim as to those facts, yet such knowledge was important in ascertaining from the claim itself whether plaintiff was endeavoring in good faith to describe the location, and whether the error was due to a mistake of her attorney in stating the location of the accident with respect to the name of an intersecting street.

When plaintiff had promptly described to the police the location of the accident, when immediately thereafter it

had been photographed by the police, when a temporary repair had been made on the following day and a permanent repair before the filing of the claim, we think the only tenable conclusion from these facts is that the claim under these circumstances was a sufficient compliance with the requirements of the law. The city could not have failed to understand that the erroneous location of the scene of the accident was merely a mistake in the preparation of the claim. And when the city knew that the draftsman of the claim was undertaking to state the correct location of the accident it should not be permitted to take advantage of the mistake through which it could not possibly have been deceived for want of information as to where the accident occurred. The requirements of the claims statutes in effect at the time of the accident were harsh, but they were not that harsh.

In *Johnson* v. *City of Los Angeles,* 134 Cal.App.2d 600 [285 P.2d 713], the accident was at the southwest corner of a street intersection but the claim inadvertently stated that it was at the southeast corner. We held that this was substantial compliance for the reason that any one investigating the accident would easily have ascertained that the hole was at the southwest corner and that it was the one to which the claim was intended to refer.

With respect to our views as to the sufficiency of the claim before us we can do no better than adopt the decision and reasoning in the case of *Johnson* v. *City of Oakland,* 188 Cal. App.2d 181 [10 Cal.Rptr. 409]. The accident there considered occurred in front of 1819 34th Avenue, Oakland; the claim which was filed incorrectly stated the place of the accident as 1819 35th Avenue. It was held that the claim substantially complied with the statute. We, therefore, adopt as a part of our opinion the statement of the court which reads as follows: ''Failure to file a claim in compliance with sections 53052 and 53053 of the Government Code precludes the maintenance of a suit for tort damages. (*Silva* v. *County of Fresno* (1944) 63 Cal.App.2d 253, 257 [146 P.2d 520].) However, in ascertaining the validity of a claim against a municipality, substantial compliance is all that is required. (*Knight* v. *City of Los Angeles* (1945) 26 Cal.2d 764, 766 [160 P.2d 779].) Many California cases have established that the plain purposes of the public liability claim statutes are to require notice of the circumstances of an injury upon which a claim for damages is made, so that municipal authorities may be in a position to investigate the facts as to the time and place, and to

make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose, it is substantial compliance with the statute. When it falls short of that test, it is insufficient. (*Dillard* v. *County of Kern* (1943) 23 Cal.2d 271, 278 [144 P.2d 365, 150 A.L.R. 1048] ; *Silva* v. *County of Fresno, supra*; *Parodi* v. *City & County of San Francisco* (1958) 160 Cal.App.2d 577 [325 P.2d 224].) It must also be noted that California courts have taken a liberal view of claims statutes where a reasonable attempt has been made to comply with the law in good faith. (*Johnson* v. *City of Los Angeles* (1955) 134 Cal.App.2d 600, 602 [285 P.2d 713].) California cases involving defective compliance with claims statutes have invariably held such attempts constituted substantial compliance. (*Uttley* v. *City of Santa Ana* (1933) 136 Cal.App. 23, 26 [28 P.2d 377], and the cases above cited.) On the other hand, our courts have consistently held that substantial compliance cannot be predicated upon noncompliance. (*Ghiozzi* v. *City of South San Francisco* (1946) 72 Cal.App.2d 472, 477 [164 P.2d 902] ; *Eppstein* v. *City of Berkeley* (1942) 52 Cal.App.2d 395, 397 [126 P.2d 365].) The cases involving omissions recognize that they are distinct from those involving defective compliance.'' (P. 183.)

We can add only that the claim we are considering meets the requirement of the statute fully as well as the claim in *Johnson* v. *City of Oakland,* and in fact it was a somewhat better claim, in that it named Catalina Avenue, and could only have been interpreted and understood, in the light of the surrounding circumstances as a good faith and sufficient attempt to describe the location of the hole which the city had created and had repaired immediately after the accident.

The judgment is reversed.

Ford, J., and Frampton, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.