In the Matter of THEODORE W. POWELL et al., Respondents, *v.* TOWN OF GATES, Appellant.

Fourth Department, April 8, 1971.

---

[*] See *Rossman* v. *La Grega,* 28 N Y 2d 300, decided Apr. 21, 1971.

*Brennan, Centner, Palermo & Blauvelt (Thomas E. Goldman* of counsel), for appellant.

*Levitt, Bookbinder & Levine (Alan H. Levine* of counsel), for respondents.

MARSH, J. Petitioner Theodore W. Powell was severely injured in an accident involving a bus owned by the Gates-Chili School District at the intersection of Route 204 and Chili Avenue in the Town of Gates, January 22, 1970. April 10, 1970 a notice of claim was served by the petitioners on the Town of Gates. The notice of claim alleges:

" 5. At the time and place aforesaid, the said claimant, Theodore W. Powell, while a pedestrian and as a result of the negligent operation of a school bus, owned by the said Town, sustained the injuries hereinafter alleged.

" 6. The accident aforesaid and the injuries and negligent damages alleged were caused wholly and solely by the negligence of said Town, its officers, agents and servants, and that the said Town was otherwise careless in the premises."

Twenty days later on April 30, 1970 the town's representative wrote petitioners' attorney: " Our investigation reveals that the school bus involved was owned and operated by an employee of the Gates-Chili School District, a separate and distinct entity from the Town of Gates. Based upon this we find Item No. 5 of your notice incorrect. Further, we find this alleged incident occurred on a State maintained highway."

Thereupon by notice of motion dated May 22, 1970 petitioners sought an order granting leave to serve an amended notice of claim alleging:

" 5. That the Town of Gates in fulfilling its duty of properly maintaining said highways as regards the removal of snow and ice negligently failed to remove snow and ice and to sand or salt the surfaces of said highways."

In every other respect the original claim and the proposed amended claim are identical.

Subdivision 6 of section 50-e of the General Municipal Law, so far as applicable provides: "Any time after the day of service of the notice of claim and at or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court provided it shall appear that the other party was not prejudiced thereby."

The clear purpose of section 50-e of the General Municipal Law, containing a 90-day notice provision is to require prompt notice of claims to a public corporation so as to permit investigation to be made promptly. While the original notice of claim made specific reference to the claim of negligence in the operation of the school bus, it did identify the time and place of the alleged negligence of the town and included the general allegation that the "Town was otherwise careless in the premises." The letter from the representative of the town directed to the claimants indicated that the notice had been construed as referring to negligence of the town in maintaining the highway and purported to identify the public authority responsible for the maintenance of the highway at the point of the accident.

The test of the sufficiency of a notice to avoid prejudice to a municipality as stated in *Widger* v. *Central School Dist.* (18 N Y 2d 646) and *Rivero* v. *City of New York* (290 N. Y. 204) is whether the notice sufficiently informed the municipality of the nature of the claim, and of the time when, the place where, and the manner in which the claim arose so as to enable the municipality to investigate the claim of negligence.

In view of the fact that the original notice informed the town of the place, time, and manner in which the claim arose as well as the nature of the claim, and further, in view of the acknowledgment by the town that it had construed the claim as involving the maintenance of the highway, there would not appear to be substantial prejudice to the town. The prompt action of claimants in moving within 30 days of the expiration of the notice period to amend the notice warranted the exercise of the court's discretion in granting the motion for leave to effect service of an amended notice of claim subsequent to the time limited by statute. The order should be affirmed.

GABRIELLI, J. (dissenting). I dissent and vote to reverse the order granting the motion permitting service of an amended notice of claim.

By notice of claim dated March 10, 1970 and served on April 9, 1970 respondents charged the town with negligence resulting from an accident which occurred on January 22, 1970, wherein it was alleged that: " the said claimant Theodore W. Powell, while a *pedestrian and as a result of the negligent operation of a school bus, owned by the said Town,* sustained the injuries hereinafter alleged." (emphasis supplied). Some 20 days after receipt of the notice, the town's representative notified respondents' attorney that the school bus involved was not owned by it but that it was owned and operated by an employee of the Gates-Chili School District. A motion to file an amended claim was heard on June 24 followed by an order made on July 10 permitting respondents to add an allegation in the claim as follows: " That the town of Gates in fulfilling its duty of properly maintaining said highways as regards the removal of snow and ice negligently failed to properly remove snow and ice and to sand or salt the surfaces of said highways."

It should be noted that in every other respect the original claim and the proposed amended claim are identical. In our view, such an amendment would be of a substantive nature and not within the purview of subdivision 6 of section 50-e of the General Municipal Law, which is specifically limited to correcting a formal defect, " a mistake, omission, irregularity or defect made in good faith ", but which does not include any power in the court to allow an amendment that is substantive in nature and actually changes the theory of the claim and the liability charged (23 Carmody-Wait 2d, New York Practice, §§ 144.51, 144.54). In the original claim, it is charged that the pedestrian claimant sustained injuries " as a result of the negligent operation of a school bus, owned by the said town ". This allegation was followed by the usual claim that the injuries were caused solely by the negligence of the town and " that said Town was otherwise careless in the premises ". It is upon this last quoted phrase that Special Term based principally his determination to permit the addition of a theory of liability, neither mentioned nor alluded to in the original claim. We construe this quoted phrase to mean and be limited to the statements preceding the term " premises " (Bouvier's Law Dictionary [Rawle's 3d rev.]) ; and in pleading " otherwise careless in the premises ", the meaning thereof is confined to the circumstances and mat-

ters thereinbefore stated (Black's Law Dictionary [rev. 4th ed.]) which specifically refer to the claimed negligent operation of the school bus, owned by the town.

The order under review attempts far more than remedying a mere formal defect in the original notice of claim. The proposed amendment to the notice of claim alleges liability on the town's part for reasons not even suggested in the original notice of claim. Indeed, to allow this amendment would be to deprive the town of the "prime, if not the sole, objective of the notice requirements of such a statute which is to assure the [town] of an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (citing cases). (*Teresta* v. *City of New York*, 304 N. Y. 440, 443; see, also, 23 Carmody-Wait 2d, New York Practice, § 144.51.) In the case before us, the order, made nearly six months following the accident, deprives the town of an opportunity to explore the merits of respondents' new and substantive theory of liability and fault, to wit: the failure to remove snow and ice as well as the failure to sand or salt the surfaces of the highway.

We are not called upon to review a discretionary matter. An entirely new theory of liability and fault is being added and, hence, the court's discretion cannot be considered and is not here involved (*Speranza* v. *City of New York*, 7 A D 2d 936, affd. 11 N Y 2d 917; *Gersyl Corp.* v. *City of New York*, 10 Misc 2d 88, affd. 3 A D 2d 941). In fact, respondents are now attempting to add a new theory of "the manner in which the claim arose" (cf. *Widger* v. *Central School Dist. No. 1*, 18 N Y 2d 646) subsequent to the time limited by statute; and, since the record fails to establish the existence of any facts which might authorize the court to exercise his discretion, the order should be reversed.

MOULE and CARDAMONE, JJ., concur with MARSH, J.; GABRIELLI, J., dissents and votes to reverse the order and deny the motion in an opinion in which DEL VECCHIO, J. P., concurs.

Order affirmed, with costs.