GEORGE OAKLEY, by and through his Guardian, Patricia Oakley, Plaintiff-Appellant, Cross-Appellee, *v.* STATE OF HAWAII, et al., Defendants, and COUNTY OF HAWAII and EDWARD HARADA, Appellees, and EDWARD HARADA, Chief Engineer, County of Hawaii, Cross-Appellant

No. 5241

January 17, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

George Oakley, by and through his Guardian, Patricia Oakley (hereinafter called appellant), filed a complaint against Edward Harada, Chief Engineer, County of Hawaii (hereinafter called cross-appellant), County of Hawaii (hereinafter called appellee), and others, alleging that cross-appellant, appellee, et al., negligently designed,

maintained and inspected the county roadways, resulting in serious injuries to appellant, and sought damages therefor.

The appellee and cross-appellant in their answers to the complaint raised, *inter alia,* the following defense: that appellant's notice of claim required under HRS § 46-72 and County of Hawaii Charter Sec. 13-18 is insufficient and defective, and moved for a summary judgment.

The appellee and cross-appellant relied strictly on the opinion expressed by this court in *Rogers* v. *City and County,* 32 Haw. 722 (1933).

The trial court in granting appellee's motion for summary judgment stated orally prior to the issuance of a written judgment that the court would not abide strictly by the holding in *Rogers* but would determine whether appellant had sufficiently complied with the requirements of HRS § 46-72. The court concluded that actually there was non-compliance on the part of appellant relative to the requirements of said § 46-72.

The trial court denied the motion for summary judgment requested by cross-appellant.

Appellant requested and was granted the opportunity to file an interlocutory appeal from the order granting dismissal of complaint and summary judgment to appellee.

Cross-appellant was also permitted to appeal from the trial court's denial of cross-appellant's motion for summary judgment.

## FACTS

Prior to the commencement of this action, on or about May 9, 1969, appellant presented to appellee a notice of claim for damages, stating, to-wit:

Pursuant to Section 46-72 of the Hawaii Revised

Statutes, notice is hereby given within the six-month period of the personal injury suffered on November 11, 1968 by George Oakley, M.D., on the streets and highways of the County of Hawaii, and by his wife and by his five children. Dr. Oakley was lawfully and carefully operating his motor vehicle upon the County highway; due to the negligent failure of the County to properly construct or have constructed the road and shoulders thereof, and in accepting said highway as complete, and the negligent failure of the County to maintain a safe highway, Dr. Oakley's car went out of control and flipped over a number of times.

The injuries suffered by the doctor as a result of his accident in addition to the pain and suffering, including a severe injury to the brain which will effectively keep him from practicing as a doctor in the future, may well preclude him from practicing any other profession, skill, occupation or calling of a gainful sort. In addition, his coordination has been seriously affected and he has suffered injuries to his skull, spine and shoulders and other areas presently unascertainable. The injuries to Dr. Oakley include the estimated cost of his medical care which is presently believed to be $300,000.00 but which may be more; loss of income which we believe will be in excess of $1,200,000.00; pain, mental suffering and anguish and other damages in the amount of $250,000.00.

In addition, the Oakley children have been deprived of a father and their damages collectively are believed to be in the amount of $200,000.00. Lastly, Mrs. Oakley has been substantially deprived of a husband and whose injuries are believed to be $250,000.00. We hereby make claim upon the County of these amounts.

The claim of appellant was denied by appellee and thereafter appellant instituted this proceeding.

## STATUTORY PROVISIONS

In *Rogers*, § 1833, R.L.H. 1925, was in issue. Said § 1833 provided as follows:

Sec. 1833. *Notice of injuries.* Before the city and county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, side-walks or other public places of the city and county, or on account of any negligence of any official or employee of such city and county, the person so injured, or the owner or person entitled to the possession, occupation or use of the property so injured, or someone in his behalf, shall, within six months after receiving such injuries, give the mayor notice in writing of such injuries, and the specific damages resulting, stating fully in such notice, when, where and how the injuries occurred, the extent thereof and the amount claimed therefor.

HRS § 46-72 provides as follows:

§46-72 *Liability for damages; notice of injuries.* Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person so injured, or the owner or person entitled to the possession, occupation, or use of the property so injured, or someone in his behalf, shall, within six months after the injuries are received, give the chairman of the board of supervisors or the city clerk of Honolulu notice in writing of the injuries and the specific damages resulting, stating fully in the notice when, where, and how the injuries occurred, the extent thereof, and the amount claimed therefor.

Section 13-18 of the Hawaii County Charter states, to-wit:

Section 13-18. Claims. No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount claimed therefor shall have been filed with the county clerk within six months after the date the injury was sustained.

The provisions of § 1833, R.L.H. 1925, and HRS § 46-72 do not differ in any important detail. Both sections are general provisions relating to counties and both have similar provisions stating that before a county (as in HRS § 46-72) or city and county (as in § 1833, R.L.H. 1925) shall be liable for damages a notice in writing must be filed with the chairman of the board of supervisors or the city clerk of Honolulu (as in HRS § 46-72) or filed with the mayor (as in § 1833, R.L.H. 1925).

The provisions of § 13-18 of the Hawaii County Charter do not differ in any important substantive degree from the provisions of HRS § 46-72. Said § 13-18 provides, however, that "no action shall be maintained for the recovery of" rather than "before the county shall be liable" as in HRS § 46-72.

By Act 235, S.L.H. 1967, the state legislature empowered the various counties to formulate, publish and submit to the electors for approval a proposal for a county charter. The legislature in said Act 235 specifically provided as follows: "Upon adoption, the charter shall become the organic law of the county and shall supersede any existing charter and all laws affecting the organization and government of the county which are in conflict therewith."

The Charter of the County of Hawaii became effective January 2, 1969.

Thus, whatever opinions expressed by this court in this opinion are applicable to the provisions of both HRS § 46-72 and § 13-18 of the Hawaii County Charter.

## ISSUE

The basic issue to be resolved herein is whether HRS § 46-72 is to be strictly and technically construed as in *Rogers*.

In *Rogers* this court, in construing § 1833, R.L.H. 1925, held at pages 724 to 727:

> It will be observed that one of the requirements of this section is that in the written notice to be given to the mayor the claimant shall state "fully" where the injuries occurred, that is, that the claimant shall describe "fully" the place of the accident. It is not even a substantial compliance with this requirement to merely say, as is said in the plaintiff's letter of February 6, 1931, that the accident occurred "on North King Street." North King Street, it is well known in this community, is over two miles in length. . . . Assuming, that which is not entirely clear, that the letter of the county attorney . . . could be held to constitute a waiver of any other or further description of the place of the accident, we are of the opinion that in such a case as this there can be no waiver. . . . In none of them [statutes in other jurisdictions] have we found a statement in the precise language of our statute that the notice must be filed "before the city and county shall be liable." . . .
>
> . . . .
>
> The fact that the municipal officials otherwise acquired actual knowledge of the place of the accident is immaterial. . . .

## OPINION

Though we are in agreement with the holding implicit in *Rogers* that the statutory requirement of filing a written notice of claim within the time specified cannot be waived,[1] we cannot accept and we therefore overrule the remaining portion of the opinion.

We believe that in order to do justice and resolve controversies on their merits, a liberal construction of the statute is necessary and appropriate and, specifically in this case, the statutory requirement of "stating fully in such notice, when, where and how the injuries occurred."

We believe that the basic purpose of the statutory requirement of filing a written notice of claim in the time specified, "before the county shall be liable for damages to any person" (as in HRS § 46-72) or that "no action shall be maintained for the recovery of damages for injury to any person" (as in § 13-18 of the Hawaii County Charter) is to inform the municipal authorities "when, where and how the injuries occurred, the extent thereof and the amount claimed therefor" to guard the municipality against fraudulent and unfounded claims and so that an investigation, while the facts are fresh and conditions remain substantially the same, can be made by the municipal officials as to the time, place and the conditions of the premises in order to make a decision as to whether the case may be settled or tried. In our opinion the question then is whether, under all the circumstances of the case, the municipal officials have been misled to their prejudice by claimant's general or unspecific or even inaccurate written notice of claim.[2] Thus, as in the instant case, the burden then

[1]However, *see* Tillman *v.* City of Pompano Beach, 100 So.2d 53 (Fla. 1957), re applicability of doctrine of estoppel; Monchek v. City of Miami Beach, 110 So.2d 20, 22 (Fla. 1959), as to waiver of defect as to form. *See also* Galbreath v. City of Indianapolis, 253 Ind. 472, 476-80, 255 N.E.2d 225, 228-29 (1970).

[2]Even in a jurisdiction construing the notice statute strictly, the question

shifts to the appellant to show that the appellee was not misled to its prejudice by appellant's written notice of claim.[3]

We are mindful that the written notice of claim at issue, if it is to be judged without all the circumstances of the case, is patently insufficient. Obviously also, if the appellant herein had failed to file any written notice of claim, the actual knowledge of the municipal officials of "when, where and how the injuries occurred" is immaterial. But, however, a defect as to form in the notice of claim can be waived by the municipal officials. *Moncheck* v. *City of Miami Beach*, 110 So.2d 20, 22 (Fla. 1959).

It is our opinion that whenever, under the statute in question, a person files a written notice of claim, as contrasted with an absolute failure to file any written notice of claim, the issue is not a question of non-compliance but a question of sufficiency of compliance under all the circumstances of the case. The test to determine sufficiency of compliance then is whether the municipal officials have been misled to their prejudice, under all the circumstances of the case, by the written notice of claim filed. If they have not been misled and prejudiced then the written notice of claim complies sufficiently with the requirements of the statute.

In determining whether the appellee has been misled to its prejudice, the fact that the various county officials had investigated and/or had knowledge of "when, where and how the injuries occurred" all have relevancy in appellant's onus to show that the appellee was not misled to its prejudice by appellant's written notice of claim. And depending on the circumstances of a particular case other facts can very well be also relevant. We appreciate the fact that no other jurisdiction may have construed a notice of claim statute as expressed herein. How-

---

of prejudice is considered a valid issue. *See* Powell v. Town of Gates, 36 A.D.2d 220, 319 N.Y.S.2d 650 (1971).

[3] *See* Tobin v. Inhabitants of Brimfield, 182 Mass. 117, 65 N.E. 28 (1902).

ever, the following cases are helpful in reaching the conclusion we have expressed herein:

In *Sayre* v. *El Dorado County High School District,* 97 Cal. App. 2d 333, 334, 217 P.2d 713, 714 (1950), the written notice of claim stated: plaintiff "was driving and operating the said school bus upon U.S. Highway No. 50 within the County of El Dorado." The trial court dismissed the complaint stating that the notice had no definite allegation describing the place of accident. The court of appeals reversed and held:

> The present tendency of the courts is to give a liberal construction to claims statutes, and to hold that where a claimant has made a reasonable attempt to comply with the law in good faith, and no intent to mislead or conceal appears, the claim will be held sufficient in the absence of anything indicating that the defendant has been misled.

In *Mace* v. *City of Pasadena,* 199 Cal. App. 2d 522, 524, 18 Cal. Rptr. 692 (1962), the claim filed gave the wrong name of one of the streets of an intersection wherein the accident occurred.

The court of appeals, after stating that where, among other things, the location was photographed by police shortly after the accident and the city temporarily repaired the hole the day after the accident, concluded that the claim was legally sufficient and reversed the trial court.

The court of appeals further stated at page 524:

> Our only purpose in stating the foregoing facts is that they have direct bearing upon the sufficiency of the claim. While mere knowledge of the city of the existence and location of the hole in the street could not supply a material deficiency in the claim as to those facts, yet such knowledge was important in ascertaining from the claim itself whether plain-

tiff was endeavoring in good faith to describe the location, and whether the error was due to a mistake of her attorney in stating the location of the accident with respect to the name of an intersecting street.

*See also Hartley* v; *Tacoma School District No. 10,* 56 Wash.2d 600, 354 P.2d 897 (1960) ; *Weaver* v. *Village of Bancroft,* 92 Id. 189, 439 P.2d 697, 700 (1968) .

## CONCLUSION

On the record of the case a genuine issue of a material fact remains outstanding and consequently we reverse the trial court in granting the motion for summary judgment to the appellee. HRCP Rule 56.

Cross-appellant's claim of error herein is without merit. The record of the case shows clearly that a genuine issue of a material fact remains unresolved.

Reversed and remanded for trial in accordance with this opinion.

*Robert B. Ingram (Belli, Ashe, Ellison, Choulos* and *Lieff* of counsel; *C. Duane Carlsmith* and *Vasilios B. Choulos* on the briefs) for plaintiff-appellant, cross-appellee.

*George S. Yuda,* special counsel (*Clifford H. F. Lum,* acting corporation counsel, of counsel) , for defendants-appellees and defendant, cross-appellant.

---

CONCURRING OPINION OF ABE, J.

If I were to assume that the notice requirements of HRS § 46-72 and § 13-18 of the Hawaii County Charter are valid and controlling and therefore act as conditions precedent to the liability of the County of Hawaii in tort, then I would have felt constrained to join Mr. Justice Marumoto in his dissenting opinion. I, too, "do not think

that the description of the place of injury as being 'on the streets and highways of the County' complied with the statutory requirements."

For the reasons stated below, however, I concur with this court's disposition of this case.

HRS § 46-72 and § 13-18 of the Hawaii County Charter both function as statutes of limitations. A person is precluded from advancing a claim against the county if he fails to file a notice within six months of the injury with the proper county authority.[1]

It appears to me that HRS § 662-4 which was enacted subsequent to the enactment of HRS § 46-72 has impliedly repealed this six-month limitation by instituting a two-year statute of limitation for tort claims against the State and its political subdivisions — the counties. A brief summary of the judicial and legislative erosion of governmental tort immunity in Hawaii will serve to bear out this contention.

HRS § 46-72 has its roots in Section 130 of Act 118, SLH 1907.[2] This Act, which created the City & County of Honolulu, was enacted when the territory had not consented to suits in the nature of a tort action. *See Coffield* v. *Territory of Hawaii,* 13 Haw. 478 (1901). Section 3 of Act 118, SLH 1907, however, provided that "[s]aid city and county . . . may sue and be sued in all

---

[1] In the instant case, the notice was given to the mayor of the county of Hawaii. HRS § 46-72 requires the notice to be given to the chairman of the board of supervisors of the county of Hawaii. Section 13-18 of the Hawaii County Charter requires that the claimant submit a notice to the county clerk. The Hawaii County Charter, effective January 2, 1969, replaced the board of supervisors of the county of Hawaii with a county council. Section 3-7 of the Charter also created the position of chairman of the council. One must wonder who is the "proper county authority."

[2] Section 130 of Act 118, SLH 1907, reads as follows:
"Before the City and County shall be liable for damages to any person for injuries received upon any of the streets, avenues, alleys, sidewalks or other public places of the City and County, the person so injured, or someone on his behalf, shall, within one year after receiving such injuries, give the Mayor notice in writing of such injuries, stating fully in such notice, when, where, and how the injuries occurred and the extent thereof."

courts and places and in all matters and proceedings." It thus appears that statutory authority to sue the City and County of Honolulu was given by the legislature. But, it also appears that the right to sue the City & County of Honolulu was narrowed by the notice of claim provisions of Section 130 of Act 118, SLH 1907.

Act 39, SLH 1905, created the County of Hawaii as well as the other counties of the Territory of Hawaii. Section 9 subjected the counties to the power and liability of suing and being sued in its corporate name. This Act did not contain a notice of claim provision applicable to the counties it created.

The case of *Matsumura* v. *County of Hawaii,* 19 Haw. 18 (1908), established that the county of Hawaii, as created by Act 39, SLH 1905, was liable in tort for the negligent acts of its employees.[3]

In 1943 the territorial legislature enacted Act 181, SLH 1943, which interposed a notice of claim requirement on the counties' (other than City and County of Honolulu) tort liability. The City & County of Honolulu's notice of claim provisions was used as a model. See Standing Committee Report 295, Senate Journal 1943, p. 768. At this time, the territorial legislature still had not consented to suits in the nature of a tort action.

In 1955, the territorial legislature consented to tort claims when the subject matter of the suit was covered by insurance. The State's liability was limited, though, by the amount of insurance coverage. Act 253, SLH 1955; HRS § 661-11.

Finally, in 1957 the territorial legislature enacted

---

[3]In *Kamau & Cushnie* v. *Hawaii County,* 41 Haw. 527, 552 (1957), this court further expanded the scope of the counties' tort liability. It stated:
"We are of the opinion that the narrow rule heretofore followed as to so-called 'governmental' or public functions, and 'proprietary' or private functions should not control the question of municipal liability for its torts; that where its agents are negligent in the performance of their duties so that damage results to an individual, it is immaterial that the duty being performed is a public one from which the municipality derives no profit or that it is a duty imposed upon it by the legislature."

what is now the State Tort Liability Act, HRS Ch. 662. Section 1 of Act 312, SLH 1957 states that "[t]he Territory hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under the circumstances . . . ."

The policy inherent in this development of governmental tort liability is clear — the State as well as its political subdivisions should be held accountable for the misfeasances of their employees, like all private parties. Ruling that HRS § 662-4 has superseded HRS § 46-72 would be consonant with this policy.

This court appears to say that the provisions of Act 235, SLH 1967, would allow a county to enact a charter provision respecting tort liability, and such an enactment would "supersede any existing charter and all laws affecting the organization and government of the county which are in conflict therewith." HRS § 50-10.

On the other hand, HRS § 50-15 provides:

"Notwithstanding the provisions of this chapter, there is expressly reserved to the state legislature the power to enact all laws of general application throughout the state on matters of concern and interest and laws relating to the fiscal powers of the counties, and neither a charter nor ordinances adopted under a charter shall be in conflict therewith."

Section 13-18 of the Hawaii County Charter does not appear to be a charter provision "affecting the *organization* and *government* of the county." The provision of HRS § 662-4, however, does seem to be a law of general application throughout the State on a matter of concern and interest. Being so, the two-year limitation on tort actions should be binding on this State's political subdivisions as well as the State itself. Then, because § 13-18 of the Hawaii County Charter conflicts with the provision of HRS § 662-4, I would hold the charter provision invalid.

In my opinion HRS § 662-4 also repeals HRS § 46-72. Thus, here, HRS § 662-4 is the applicable statute of limitations. The appellant, having filed her complaint within two years of the accrual of the claim, I would reverse the trial court's granting of summary judgment and remand the case for a determination of the unresolved issues of material fact.

This court's interpretation of § 13-18 of the Hawaii County Charter and HRS § 46-72 brings about complications in the determinations of collateral matters (e.g., whether the county was prejudiced or misled—query: are these questions of fact or law?) which could be avoided by uniformly applying a two-year statute of limitations on claims against the State or its political subdivisions in the nature of a tort action. I see no necessity for having two separate statutes of limitation—one for tort claims against the State and another its political subdivisions. At first blush it does not appear that the State has suffered due to the lack of the type of "protection" afforded to the counties by HRS § 46-72. Also, holding the statute of limitation provided by HRS § 662-4 is controlling against the county should not prejudice the counties, as a well-pleaded complaint would serve "to inform municipal authorities 'when, where and how injuries occurred, the extent thereof, and the amount claimed therefor' " as well as guard against fraudulent and unfounded claims. Furthermore, it is not manifest that facts are fresher, or conditions more similar six months rather than two years after a claim arises.

It appears to me that this court is setting a trap for the unwary. A person's ability to recover for personal injuries should not depend on the happenstance of the location of his injury. Yet this court today holds that a motorist who sustains injuries on a road or highway of the county of Hawaii due to the county's negligence must present his claim within six months. Another person injured a few miles, or even blocks away, however, may

have two years within which to file a complaint due to the fortuity of having the accident occur on state-controlled property. These inequities and technical roadblocks should be construed out of, rather than into, our laws.

---

DISSENTING OPINION OF MARUMOTO, J.

I dissent. This case involves the construction and application of HRS § 46-72 to the notice of claim for damages filed by plaintiff with the mayor of the county of Hawaii on May 9, 1969, which stated that he suffered personal injury "on the streets and highways of the County of Hawaii", on November 11, 1968.

According to the Data Book 1970, issued by the State Department of Planning and Economic Development, there were 1,355 miles of public streets and highways in the county of Hawaii in that year.

HRS § 46-72 requires, as a condition precedent to the liability of a county to any person for injuries suffered on a street or highway thereof, that the injured person file with the official designated therein, within six months after receiving the injuries, a notice of claim "stating fully * * * where * * * the injuries occurred". That statute is a combination and compilation in one section of the following: (1) RLH 1955, § 149-6, originally enacted as SLH 1907, c. 118, § 130, which required the filing of notice of claim with respect to injuries suffered in the city and county of Honolulu; and (2) RLH 1955, § 138-21, originally enacted as SLH 1943, c. 181, § 1, which required the filing of notice of claim with respect to injuries suffered in the counties of Hawaii, Maui and Kauai.

SLH 1907, c. 118, § 130, was construed in *Rogers v. City and County of Honolulu*, 32 Haw. 722 (1933). This court held in that case that the statement in the notice of claim that the death of the claimant's husband was due

to "the failure of the City and County of Honolulu to properly maintain and keep in repair North King Street" did not satisfy the statutory requirement that the place where the injuries occurred be fully stated because North King Street stretched over more than two miles, and "a statement that the accident occurred somewhere on a street more than two miles in length does not sufficiently apprise the mayor of the city and county of the place of the accident or serve the purpose of the statute in requiring such a notice to be given."

The legislature enacted SLH 1943, c. 181, c. 1, ten years after *Rogers*. In recommending its enactment, the Senate Judiciary Committee stated: "Your committee believes that the purpose of the bill is clearly expressed therein. It is similar to the provisions of section 3112 of the Revised Laws of Hawaii 1935, which requires notice of injuries to be made to the mayor of the city and county of Honolulu. The city and county has found said section 3112 to be very desirable and your Committee believes that a similar provision should be made in the case of other counties." RLH 1935, § 3112, mentioned by the committee, was a compilation of SLH 1907, c. 118, § 130, in the 1935 revised laws. The House Judiciary Committee made a recommendation couched in identical language.

In this case, the majority of the court approves the holding implicit in *Rogers* that the requirement for the filing of notice of claim within the time specified in the statute could not be waived, but overrules the holding therein that the statement in the notice regarding the place of accident was deficient.

The action of the majority with respect to *Rogers* raises two questions. One is whether this court may overrule *Rogers* at this time, assuming that it was incorrectly decided. The other is whether the decision in *Rogers* was wrong.

On the first question, I do not think that this court

is warranted in overruling *Rogers* at this time. The requirement for the filing of a notice of claim as a condition precedent to the liability of a county to a person suffering personal injuries on a county highway is solely a legislative matter. If this court did not construe the legislative intent correctly in *Rogers,* the legislature could have amended the statute. However, after *Rogers,* instead of amending the statute construed therein, the legislature enacted the statute applicable to the counties of Hawaii, Maui, and Kauai in the identical language used in the statute applicable to the city and county of Honolulu. By doing so, it impliedly adopted the construction in *Rogers* as expressing its intent.

This court stated in *Territory* v. *Pacific Coast Casualty Co.,* 22 Haw. 446, 453 (1915) : "Where the terms of a statute which has received judicial construction are used in a later statute, whether passed by the legislature of the same state or country or by that of another, that construction is to be given to the later statute. * * * It is to be presumed in such case that the legislature which passed the later statute knew the judicial construction which had been placed on the former one and such construction becomes a part of the law."

The foregoing statement is particularly true in connection with the statute in question because *Rogers* appeared as an annotation under RLH 1935, § 3112, at the time the legislature enacted SLH 1943, c. 181, § 1.

With regard to the second question, I think that *Rogers* was decided correctly, considering the mandatory nature of the statute and the categorical nature of the language used therein.

*Rogers* is not unique. *Olivier* v. *City of St. Petersburg,* 65 So. 2d 71 (Fla. 1953) , is similar. So is *Hall* v. *City of Los Angeles,* 19 Cal. 2d 198, 120 P.2d 13 (1941) . As a matter of fact, the decision in this case is unique. That is conceded in the following statement in the majority opinion: "We appreciate the fact that no other

jurisdiction may have construed a notice of claim statute as expressed herein."

In *Olivier,* the statement in the notice of claim was that the accident was due to "a defect in the street caused by resurfacing of the street." The Florida supreme court held that the notice was deficient, stating:

> "While the notice complies fully with the statutes in regard to the time, it is completely silent in regard to the place of said accident.
>
> "It is contended by the plaintiff that since the notice stated that the injury 'was caused by resurfacing of the street' this would be adequate for the city to have determined where the work was in progress on the date alleged. This argument, however, cannot stand in view of the fact that the defendant City of St. Petersburg is a large city and has many miles of street and is constantly repairing and resurfacing the various streets within its limits. The notice could not therefore be construed to be even substantial compliance with the provisions of the Statute, but in non-compliance with the requirements that specifications as to place be given."

*Monchek* v. *City of Miami Beach,* 110 So. 2d 20 (Fla. 1959), is mentioned in the majority opinion as stating a contrary view. *Monchek* is an intermediate appellate court decision. Furthermore, the statute involved in that case differed significantly from the statute construed in *Olivier.*

The notice of claim in *Hall* stated that injuries were received "from slipping on sidewalk which was covered with mud, leaves and debris" in the city of Los Angeles. In holding that there was a failure of compliance with the applicable statutory requirement, the court stated:

> "Compliance with the statute referred to is mandatory and there must be at least a substantial compliance with its provisions before a suit for damages

for personal injuries resulting from a defective sidewalk or street may be maintained against the City. * * *

"It is contended by plaintiff that the notice in question substantially complied with the requirements of the act and that since the city officials actually investigated and discovered the place where the accident occurred, the city was not misled by her failure to designate the place of the accident in the claim. * * *

" * * * In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance. A contrary holding would permit a claimant to bring suit against a city on the basis of a claim that included none of the information required by the statute if he offered to show that the city acquired the information independently of the claim. Such a holding would emasculate the statute."

At the oral argument in this case, counsel for plaintiff cited *Silva* v. *Fresno County,* 63 Cal. App. 2d 253, 146 P.2d 520 (1944), as a California decision contrary to *Hall.* It is not. *Silva* is an intermediate appellate court decision, in contrast to *Hall,* which is a decision of the state supreme court. The notice of claim in the case described the place of accident as "a public highway approximately four miles east of Dos Palos in the County of Fresno." The court distinguished the case from *Hall,* by stating:

"In the Hall case * * * the claim filed by plaintiff was for personal injuries received from slipping on a 'sidewalk which was covered with mud * * * ' in the City of Los Angeles. The court held the claim was defective in that it failed to state with sufficient particularity the place where the accident happened

and that actual knowledge by the officials of the facts required to be stated in such a claim did not dispense with the necessity for filing of a proper claim. Defendant claims here that there is no distinction between the claims filed in the instant case and the claim filed in the Hall case. In that case it was held there was an entire failure to designate in the claim the place where the accident occurred. Considering the territorial extent of the city limits of the city of Los Angeles, such a description of a sidewalk as one being somewhere in the city limits of that city would be quite indefinite and uncertain. In the instant case, however, there was an endeavor to state the place of the accident and injury. The place where the accident occurred was on a country road, away from the inhabited portions of the valley, about four miles east of the small town of Dos Palos, and was a public highway which came to an abrupt end, where no signs were maintained by the county so indicating."

As stated at the outset of this dissent, there were 1,355 miles of public streets and highways in the county of Hawaii at the time plaintiff suffered his injury. In such situation, I do not think that the description of the place of injury as being "on the streets and highways of the County" complied with the statutory requirement.