THE STATE OF NEVADA, Upon the Relation of FRANK RICHARDSON, Petitioner, *v.* THE BOARD OF REGENTS OF THE UNIVERSITY OF NEVADA, and SILAS E. ROSS, ROY A. HARDY, LOUIS E. LOMBARDI, NEWTON CRUMLEY and A. C. GRANT, Constituting the Members of Said Board, Respondents.

No. 3759

October 1, 1953.

261 P.2d 515.

*Bruce R. Thompson, Leslie B. Gray, Bert Goldwater* and *Ralph K. Wittenberg,* all of Reno, for Petitioner.

*W. T. Mathews,* Attorney General, Carson City, *Lester D. Summerfield* and *Harlan L. Heward,* both of Reno, Special Assistant Attorneys General, for Respondents.

## OPINION

By the Court, BADT, J.:

Petitioner, a member of the faculty of the University of Nevada since August, 1941 and an associate professor in the department of biology since August, 1949, was charged by the respondent board of regents, on April 25, 1953, with demonstrating and manifesting by action and word since the fall of 1952 an uncooperative and insubordinate attitude toward the dean of his college, the president of the university and the regents. Details of such alleged uncooperative and insubordinate attitude are set forth in seven consecutive numbered paragraphs of the "Specific Charges" following the general charge. A hearing upon the charges was had May 25, 26 and 27, 1953, before the board of regents to determine whether the petitioner should be continued as a member

of the faculty beyond June 30, 1953. At the hearing respondents were represented by the attorney general and special counsel, the petitioner was represented by counsel, witnesses were examined and cross examined and documentary evidence received. The matter was submitted to the board at the conclusion of the hearing, and the board on June 9, 1953 made its decision and order "that Dr. Frank Richardson be removed as a member of the faculty of the University of Nevada and that no future contract be tendered him." The following determination or finding is contained in the decision: "The board determines that Dr. Frank Richardson had demonstrated insubordination, that he has not been cooperative and that his conduct has not been in accord with the welfare of the University of Nevada."

At the time of the charges, hearing and order, faculty bulletin No. 37, dated and republished February 13, 1950, was in effect pursuant to resolutions of the board of regents of January 24, 1948, as amended May 26, 1948. Paragraphs 2, 3 and 5 of this bulletin read as follows:

"2) The initial appointment of an Assistant Professor is to be for one year, at the end of which he is eligible for re-appointment in this grade for a two year term. Upon successful completion of three years service in this grade, no further re-appointment is necessary; and his employment shall continue under tenure.

"3) Associate Professors and Professors shall be appointed initially for one year and upon their re-appointment in the same or higher rank their employment shall continue under tenure.

"5) A staff member under tenure shall be removed only for cause and after a hearing before the Board of Regents."

The petition for a writ of certiorari is based upon the contention that the hearing established no cause for removal and that the action of the board was therefore in excess of its authority and jurisdiction.

Pursuant to the writ of certiorari issued by this court,

the respondent board certified its return of the proceedings, including a transcript of the testimony comprising some 334 pages and many hundreds of printed and typewritten pages of exhibits. We are concerned at the present time only with the motion to dismiss the proceedings and the grounds urged in support of such motion. The extent of our review and of the action that may be taken thereunder are limited by the provisions of sec. 9231, N.C.L.1929, reading as follows: "The writ shall be granted in all cases when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." Sec. 9237, N.C.L.1929, provides: "The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board or officer." Section 4 of Article XI of the state constitution (sec. 149, N.C.L.1929) reads: "The legislature shall provide for the establishment of a state university * * * to be controlled by a board of regents, whose duties shall be prescribed by law."

Section 7728, N.C.L.1929, fixing the powers and duties of the board of regents requires the regents, as the first of twelve provisions, "To prescribe rules for their own government, and for the government of the university."

1. It is first asserted by respondents that, since the board of regents is a duly constituted administrative board established under the constitution and statutes as a part of the executive department, it is beyond any control by the courts, and that this is so irrespective of whether the action of the board was executive, administrative or judicial. In support of this contention respondents rely upon King v. Board of Regents, 65 Nev. 533, 200 P.2d 221. That case does not so hold. Our opinion dealing with the exclusive control of the university by the board of regents expressly and repeatedly referred

"to their constitutional, executive and administrative capacity," and to their "executive and administrative control." That the constitutional separation of powers prevents any judicial review of the judicial or quasi judicial acts of the board of regents when an excess of jurisdiction is in question was not the holding in the King case or in any other authorities cited by respondents. The contrary is the rule in this state and in virtually all other jurisdictions. Sawyer v. Dooley, 21 Nev. 390, 32 P. 437; State v. Board of County Commissioners, 23 Nev. 247, 45 P. 529; Van Heukelom v. State Board, 67 Nev. 649, 224 P.2d 313; Kassabian v. State Board, 68 Nev. 455, 235 P.2d 327. And see United States v. Smith, 286 U.S. 6, 52 S.Ct. 475, 76 L.Ed. 954, and Marbury v. Madison, 1 Cranch 137, 2 L.Ed 60. Respondents also claim support for their contention in Wall v. Board of Regents of California, 38 Cal.App.2d 698, 102 P.2d 533, but the case is clearly distinguishable. The same may be said of Bailey v. Richardson, 182 F.2d 46, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352, and Hamilton v. Regents of University of California, 219 Cal. 663, 28 P.2d 355.

2. It is next contended that certiorari will not lie for the reason that the removal of the petitioner by respondents was an executive and not a judicial act. This contention would probably be well taken if the board had the right to discharge petitioner at its mere will. An entirely different situation is presented where the authority of the board to remove him was limited to a discharge for cause after a hearing. Under such circumstances the act of the board was judicial in its nature. Van Heukelom v. State Board, supra. As contrary to this view, respondents rely on Hartigan v. Board of Regents of West Virginia University, 49 W. Va. 14, 38 S.E. 698. There the removal was authorized "for good cause." No notice was required. The majority opinion held that no notice or trial was required, that the action was administrative and that the "good cause"

was what appeared to be such in the opinion of the board. One of the reasons for denying the writ sought (prohibition) was that if any writ would lie, it would be certiorari. Another reason given was that the petitioning professor was not an "officer," and was accordingly not entitled to notice, charges or trial. A further reason given was that the contract between the board and the petitioner gave either party a right to terminate it on certain notice. While the case has been often cited in support of the rule that a teacher or professor is not a public officer, it does not seem to have had later support of the holding that discharge of a professor for cause was a purely ministerial act, or that a discharge for cause was equivalent to a discharge at the will of the board. In fact a contrary view appears to have been taken by the same court in State ex rel. Board of Education v. Martin, 112 W. Va. 174, 163 S.E. 850, which held a review by certiorari to be proper as the proceeding was in the nature of a judicial investigation, approving the language in a New York case, People ex rel. Mayor of City of New York v. Nichols, 79 N.Y. 582, that "The act of hearing and deciding is always a judicial act." [112 W.Va. 174, 163 S.E. 853.] In any event the complete answer to the West Virginia case is the holding of this court in State ex rel. Whalen v. Welliver, 60 Nev. 154, 104 P.2d 188, 190, 1016, defining cause as "legal cause, and not any cause which the council may have deemed sufficient. * * * one which specifically relates to and affects the administration of the office * * * something of a substantial nature directly affecting the rights and interests of the public * * * one touching the qualifications of the officer or his performance of his duties, showing that he is not a fit or proper person to hold the office." See also Graves v. School Committee of Wellesley, 299 Mass. 80, 12 N.E. 2d 176.

3. In support of their contention that the action of the board was executive only respondents contend: "The

tenure rule laid down by the board of regents provided for a hearing and required cause for removal. We contend that this tenure rule is not binding upon the regents, but that in their executive capacity, they may ignore the rule if they so see fit." In other words, it is contended that it is not necessary that legal cause exist for the dismisal in question. The authorities cited in support of this contention, French v. Senate of State, 146 Cal. 604, 80 P. 1031, 69 L.R.A. 556, and Bailey v. Richardson, 86 U.S.App. D.C. 248, 182 F.2d 46, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352, are not in point. The contention itself is not well founded. Section 7728, N.C.L.1929, fixing the powers and duties of the board of regents and authorizing the board "To prescribe rules for their own government, and for the government of the university," wisely delegated to the regents the authority in their discretion to establish such rules as the tenure rule above described. In our opinion this rule, having been duly established, has the force and effect of statute. West Texas C. W. Co. v. Panhandle & S. F. Ry. Co. (Tex.), 15 S.W.2d 558. Such rules and regulations affected not only the body of which the regents were a part, as in French v. Senate of State, but employed professors such as petitioner, persons holding their positions under contract. "As the construction to be given to the rules [and, we may add, reliance on such rules in accepting employment] affects persons other than members of the [United States] Senate, the question presented is of necessity a judicial one." United States v. Smith, 286 U.S. 6, 52 S.Ct. 475, 478, 76 L.Ed. 954. This is peculiarly applicable to our statutory requirement that the regents make rules and regulations "for their own government, and for the government of the university." In a somewhat similar situation, against the contention that the tenure rules were made only for the governance of the board of regents, the Supreme Court of Montana held that such regulations had the force of law. State ex rel. Keeney v. Ayers, 108 Mont. 547, 92 P.2d 306. Such indeed seems to be the general

rule. The board of regents may in the exercise of its statutory authority undoubtedly revoke such tenure rule as to future employments and may provide that any instructor, professor, head of department or anyone else on the faculty or teaching staff may be discharged by the board with or without cause and at the will of the board. What effect such change in the rules and regulations would have, if attempt were made to apply it retroactively, it is unnecessary to discuss or to determine.

4. It is next contended that erroneous action by the board while acting within its jurisdiction may not be reviewed by certiorari. This we may, for the motion's sake, concede. However, the issue raised by the petition is whether or not the board acted without or in excess of its jurisdiction.

5. It is next contended in support of the motion to dismiss that in any event certiorari may review only the record and not the evidence. The Nevada cases cited in support of this contention do not so hold. In fact our holdings are to the contrary. State ex rel. Fall v. County Commissioners, 6 Nev. 100 (5–6–7 Nev. 441); Covington v. Second Judicial District Court, 56 Nev. 313, 50 P.2d 517; Morgan v. Eureka County Commissioners, 9 Nev. 360. In these cases there are cited with approval Whitney v. Board of Delegates, 14 Cal. 479, and People ex rel. Bodine v. Goodwin, 1 Selden, N.Y., 568, all of which hold for the necessity of examining not only the record but the evidence itself in order to determine the existence of the jurisdictional facts. In the very early case of State v. Washoe County, 5 Nev. 317, this court said: "To settle that question [whether the board acted within its jurisdictional powers], of course it is proper to review any or all evidence certified." See Annotation 5 A.L.R.2d 675.

Our denial of the motion to dismiss rejects the contentions (1) that such action is beyond judicial control, (2) that it is administrative only, (3) that the tenure

rule requiring a showing of cause upon hearing may be ignored by the board of regents, and (4) that the evidence may not be reviewed upon certiorari to determine the existence of the jurisdictional facts.

Respondents have cited numerous other authorities in support of their contentions. We have given due consideration to such authorities but have refrained from discussing them as we do not consider them in point. Respondents have also discussed other matters in support of their motion to dismiss. These we have not discussed, as it is our opinion that they may be more properly disposed of on the submission of this matter on the merits.

Respondents' motion to dismiss is coupled with a motion to quash the writ of certiorari issued by this court. Both motions are denied.

EATHER, C. J., and MERRILL, J., concur.