WERNER LEVI, for himself and all other persons similarly situated, the UNIVERSITY OF HAWAII PROFESSIONAL ASSEMBLY, and DEBRA A. LEE, Individually and as Senator of Associated Students, University of Hawaii, Plaintiffs-Appellants, *v.* UNIVERSITY OF HAWAII, STATE OF HAWAII, BOARD OF REGENTS of the University of Hawaii, and FUJIO MATSUDA, as President of the University of Hawaii, Defendants-Appellees

NO. 6631

MAY 22, 1981

RICHARDSON, C.J., OGATA, MENOR AND LUM, JJ., AND CIRCUIT JUDGE AU IN PLACE OF NAKAMURA, J., DISQUALIFIED

OPINION OF THE COURT BY RICHARDSON, C.J.

The issues raised by the appellants in this appeal are whether the Board of Regents' retirement policy setting the retirement age for all university employees at 65 violates article IX, § 5 (as amended and renumbered article X, § 6 (1978)) and the equal protection and due process clauses of the Hawaii Constitution, article I, § 4 (as amended and renumbered article I, § 5 (1978)). This court has jurisdiction to hear the instant appeal pursuant to HRS § 602-5 and Rule 73, Hawaii Rules of Civil Procedure. The trial court upheld the constitutionality of the Board policy, granting defendants-appellees' motion for summary judgment and/or to dismiss the amended complaint. In reviewing the trial court's ruling, we need not reach the equal protection and due process issues raised by the appellants. For reasons which will be set forth in this opinion, we reverse the trial court's decision on the sole ground that the Board of Regents' retirement policy violates article X, § 6 of the Hawaii Constitution.

## I. STATEMENT OF THE CASE.

At its regular meeting on September 9, 1976, the Board of Regents adopted a new mandatory retirement policy affecting all employees within the jurisdiction of the University of Hawaii. The Board's retirement policy reads as follows:

### POLICY ON SERVICE BEYOND AGE 65 AND 70

I. Service Beyond Age 65.   No person who has attained the age of 65 shall be employed by the University, whether by appoint-

ment or contract, except when no one else is available and then for no longer than periods of one year at a time.

A. BOR employees who attain the age of 65 shall be terminated at the end of the academic year in which such age is attained.

B. In order to determine whether someone who is below age 65 is available, the following conditions must be met:

1. The Chancellor or Systemwide Administrator identifies the services to be rendered and certifies that such services are essential.

2. The Chancellor or Systemwide Administrator certifies that advertising under appropriate University procedures has failed to produce a qualified applicant who is below age 65.

II. Service Beyond Age 70. No person who has attained the age of 70 shall be employed by the University, whether by appointment or contract, except when no one else is available and then for no longer than periods of six months at a time. In order to determine whether someone who is below age 70 is available, the following conditions must be met:

A. The Chancellor or Systemwide Administrator identifies the services to be rendered and certifies that such services are essential.

B. The Chancellor or systemwide Administrator certifies that advertising under the appropriate University procedures has failed to produce a qualified applicant who is below age 70.

III. This policy does not apply to Without Compensation appointments where a person wishes to donate service which will be beneficial to the University. Such appointments may be submitted through regular procedures for BOR approval.

In a memorandum dated October 7, 1976, the University of Hawaii (hereinafter "appellees") notified Werner Levi (hereinafter "appellant") that the mandatory retirement age would be immediately applied to him. As a result, appellant left his teaching position at the end of the 1976-1977 academic year.

On December 20, 1976, appellant Levi, together with appellants University of Hawaii Professional Assembly ("UHPA") and Debra A. Lee, a student of Levi, filed a class action suit, alleging that the

Board's retirement policy unconstitutionally discriminated on the basis of age in violation of the equal protection and due process clauses of the Hawaii Constitution.[1] In their answer filed on January 10, 1977, the appellees denied these allegations in the appellants' complaint. Moreover, on April 11, 1977, appellees filed a Motion for Summary Judgment with a supporting memorandum of points and authorities and an affidavit of Harold S. Masumoto.

On April 29, 1977, appellants moved to amend its verified complaint to add another claim for relief. The new claim alleged that the Board's mandatory retirement policy violated article X, section 6 of the Hawaii Constitution.[2] The court granted appellants' motion to amend their verified complaint on May 12, 1977.

On May 10, 1977, the trial court granted the appellees' motion for summary judgment. The court explained its reasoning as follows:

The more critical question is whether the mandatory requirement policy violates the other provisions of HRS 78-3 which appears to set out or set forth a requirement that all State employees retire at 70.

In trying to resolve that and we're looking at Chapter 304-11, giving the Board of Regents considerable discretion in the hiring, tenure and employment of various employees, non-civil service at the University, the Court finds that Section 78-3 sets a maximum limit upon which an employee of the State may be hired or may be retained under the mandatory requirement at

---

[1] The due process and equal protection clauses read as follows:

Section 5. No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry.

[2] Section 6 states in pertinent part:

There shall be a board of regents of the University of Hawaii, the members of which shall be nominated and, by and with the advice and consent of the senate, appointed by the governor. At least part of the membership of the board shall represent geographic subdivisions of the State. The board shall have the power, as provided by law, to formulate policy, and to exercise control over the university through its executive officer, the president of the university, who shall be appointed by the board; except that the board shall have exclusive jurisdiction over the internal organization and management of the university. This section shall not limit the power of the legislature to enact laws of statewide concern.

age 70. It does not preclude the University under its provisions as a corporate entity under Chapter 304 from setting employment contracts under that mandatory requirement.

As such, the Court is going to find at this time that the retirement policy at 65 does not violate the equal protection, the due process, or any other provision of the Constitution or statutes of the State of Hawaii, and the Motion for Summary Judgment will be granted.

Subsequently the appellants filed a notice of appeal on May 27, 1977.

## II.  DISCUSSION.

### A.  THE SCOPE OF ARTICLE X, § 6 OF THE HAWAII CONSTITUTION.

The Board of Regents' authority to adopt any policy affecting the university is based on article X, § 6 which defines the Board's powers. Section 6 was adopted by the 1978 Constitutional Convention as an amendment to article IX, § 5, the old provision governing the Board's powers. Essentially, section 5 conferred upon the Board the authority to make policy "in accordance with law" and "to exercise control over the university through its executive officer, the president of the university. . . ."[3]

Section 6 modifies section 5 by including additional language:
[T]he board shall have exclusive jurisdiction over the internal organization and management of the university. This section shall not limit the power of the legislature to enact laws of statewide concern.

In effect, section 6, unlike section 5, delineates the area within which the Board of Regents may act exclusive of the legislature and other

---

[3] The old section 5 provided:
There shall be a board of regents of the University of Hawaii, the members of which shall be nominated and, by and with the advice and consent of the senate, appointed by the governor. At least part of the membership of the board shall represent geographic subdivisions of the State. The board shall have power, in accordance with law, to formulate policy, and to exercise control over the university through its executive officer, the president of the university, who shall be appointed by the board.

agencies of the state government. The plain language of section 6 indicates that the university may operate autonomously over matters of "internal organization and management." The Committee Report defines such matters as those which relate primarily to the internal operations of the university such as course selection or admissions policy. Stand. Comm. Rep. No. 39, 3d Haw. Const. Conv. 9 (1978).

However, section 6 also makes clear that the Board's authority to make policy must be "as provided by law." Moreover, section 6 provides that the Board's exclusive power over internal matters does "not limit the power of the legislature to enact laws of statewide concern." In other words, the Board of Regents must act in accordance with legislative enactments that deal with statewide matters such as civil service and collective bargaining laws. Stand. Comm. Rep. No. 39, 3d Haw. Const. Conv. 9 (1978). Therefore, under article X, § 6, any policy adopted by the university, including its mandatory retirement policy, must be consistent with laws that involve statewide concerns.

### B. THE BOARD'S AUTHORITY TO ENACT A RETIREMENT POLICY UNDER HRS § 78-3 AND § 304-11.

In the instant case, appellants argue that the Board's retirement policy is unconstitutional under article X, § 6 because it conflicts with sections 78-3 and 304-11 of the Hawaii Revised Statutes. We agree with the appellants.

Both sections are statewide in scope. Section 304-11 provides that the Board of Regents may set the terms of service of its faculty members "where such ... terms ... are not specifically fixed by legislative enactment."[4] Section 78-3 sets the retirement age for all

---

[4] Section 304-11 reads as follows:

The faculty of the university shall be under the direction of a president who shall be appointed by the board of regents. The board shall appoint such deans, directors, other members of the faculty, and employees as may be required to carry out the purposes of the institution, prescribe their salaries and terms of service, where such salaries and terms of service are not specifically fixed by legislative enactment, make and enforce rules governing sabbatical leaves with or without pay, consistent with the practice of similar institutions on the mainland, and notwithstanding the laws of the State relating to vacations of the officers and employees of the State.

public employees at 70.[5]

Except where another legislative enactment specifically provides otherwise, the effect of section 78-3 is to prohibit government from terminating or refusing to employ persons who have not reached the age of 70, other than for good and lawful cause. And while the Board may, as provided by section 304-11, continue to "prescribe their salaries and terms of service," it may not utilize any age short of 70 years as the determinative factor in establishing or terminating their terms of service.

There are several reasons for this interpretation. The literal language of section 78-3 expressly provides that the 70-year age limitation applies to any person "employed by the State or any county, whether by appointment or contract. . . ." This section makes no exception for university faculty members. Moreover, if the legislature had considered age 65 an acceptable retirement age for university faculty members, it could have set up a separate retirement category for those instructors. The legislature adopted this approach with respect to public school teachers by enacting HRS § 297-15 (1976) which mandates their retirement at age 65.[6] Since the legislature has passed no statute expressly exempting the university from adhering to the age 70 limitation under section 78-3, that section remains binding on the Board of Regents.

Because the Board's retirement policy establishes a retirement age of 65 instead of 70, it conflicts with sections 78-3 and 304-11. Therefore, we hold that the Board exceeded its authority under

---

[5] Section 78-3 states:

No person who has attained the age of seventy years shall be employed by the State or any county, whether by appointment or contract, except when no one else is available and then no longer than periods of six months at a time; provided that the foregoing age limitation shall not be applicable to foster grandparent positions in the State foster grandparent program or to the temporary employment of senior citizens in projects for which they are the most suitable or desirable persons to hire or to programs specifically designed to utilize senior citizens.

[6] Section 297-15 provides:

No teacher or educational officer in the department of education who has attained the age of sixty-five years shall be employed by the department of education, whether by appointment or contract, except when no qualified person is available and then only under contract for periods not to exceed one year at a time. No teacher or educational officer who has attained the age of seventy years shall be on appointment or contract.

article X, § 6 of the Hawaii Constitution in adopting the retirement policy.

## III.

## CONCLUSION.

In sum, the trial court erred in upholding the constitutionality of the Board of Regents' retirement policy. Article X, § 6 of the Hawaii Constitution requires that any policy adopted by the Board of Regents be consistent with existing legislative enactments. Because the Board policy conflicts with sections 78-3 and 304-11 of the Hawaii Revised Statutes, it is unconstitutional under article X, § 6.

Accordingly, we reverse the judgment of the trial court and remand this case for the granting of relief consistent with this opinion.

*Herbert R. Takahashi (King Nakamura & Takahashi* of counsel) for plaintiffs-appellants Werner Levi and Debra A. Lee.

*Thomas P. Gill (Gill Park Park & Kim* of counsel) (*Herbert R. Takahashi* on the briefs and in oral argument) for plaintiff-appellant University of Hawaii Professional Assembly.

*Cynthia Winegar,* Special Deputy Attorney General *(Ronald Y. K. Leong,* Deputy Attorney General, on the brief) for defendants-appellees.