637 P.2d 1199 (1981)
BOARD OF REGENTS OF the UNIVERSITY OF NEVADA SYSTEM, James L. Buchanan, II, Robert A. Cashell, Lilly Fong, Chris Karamanos, Molly F. Knudtsen, Louis E. Lombardi, M.D., John R. McBride, John Tom Ross, June F. Whitley, Dr. Donald H. Baepler, Chancellor, University of Nevada System, V. James Eardley, President Truckee Meadows Community College; and Bert Munson, Dean, General and Developmental Education, Truckee Meadows Community College, Appellants,
v.
Chauncey W. OAKLEY, Respondent.
No. 13011.
Supreme Court of Nevada.
December 21, 1981.
Larry D. Lessly, Walther, Key, Maupin, Oats, Cox, Lee & Klaich, Donald Klasic, Gen. Counsel, Reno, for appellants.
Raggio, Wooster, Clontz & Lindell, Reno, for respondent.

OPINION
SPRINGER, Justice.
This case concerns the validity of a University of Nevada policy of mandatory retirement of faculty members when they reach a certain age. The policy was enacted in 1979 as part of the University of Nevada System Code, § 3.6.5(e), which provides as follows:
(e) Retirement. Faculty members on a continuing contract (tenured) shall retire from the University of Nevada System at the end of the contract year in which they reach age 65. Nontenured faculty members shall retire from the University of Nevada System at the end of the contract year in which they reach age 70.
State law prohibits any state department, agency or board from refusing to hire, discharging *1200 or otherwise discriminating against any person because of age.[1]
The members of the governing board of the university, the Board of Regents, maintain that the law may not be applied to the university system because it is an unconstitutional infringement upon their authority.
At the time this action arose Chauncey W. Oakley was employed as an instructor by the Truckee Meadows Community College, a division of the University of Nevada System. Professor Oakley was advised in October, 1979, that he would not be retained on the faculty because of his age. Oakley thereafter filed suit against the Board seeking a declaration that the mandatory retirement policy violated state law.
The trial court agreed with Oakley; the court declared that the policy of mandatory retirement was a violation of NRS 281.370 and could not, therefore, be enforced by the Regents. The Board appeals.
The sole issue on appeal is whether NRS 281.370 may be constitutionally applied so as to prohibit mandatory retirement of faculty members over a certain age.
It is "the duty of courts to uphold statutes passed by the legislature, unless their unconstitutionality clearly appears... ." State v. Arrington, 18 Nev. 412, 414, 4 P. 735, 737 (1884). It does not appear "clearly" or in any fashion that the statute is violative of our state constitution. We therefore hold that this statute reasonably and properly imposes upon the governing board of our state university the same obligation that it imposes on other state, county and municipal boards, namely the obligations to make hiring and retention decisions on the basis of merit and fitness and not on an immaterial factor such as age, sex, race, color, creed or national origin.
Appellants contend that the unique constitutional status[2] of the Board gives it virtual autonomy and thus immunity from the state non-discrimination policy established by our legislature. Principal authority cited for this position is the case of King v. Board of Regents, 65 Nev. 533, 200 P.2d 221 (1948). In King we struck down special legislation requiring the creation of an advisory committee to the Board of Regents. Such special legislation is clearly an encroachment upon the Board of Regent's constitutional power to manage and control the University, subject to "the right of the legislature to prescribe duties and other well-recognized legislative rights... ." Id. at 65 Nev. 565, 200 P.2d 236. King, therefore, does not stand for the proposition that the Board of Regents is free from all legislative regulation; rather, it holds that the legislature may not invade the constitutional powers of the Board through legislation which directly interferes with essential functions of the University. Since the law in question simply prescribes duties concerning fair treatment of its personnel, it in no apparent way interferes with the Board's essential management and control of the University.
In challenging the constitutionality of the statute, the Board intimates that its own regulations are equal in status and dignity to the legislative enactment. Reliance is *1201 placed on State ex rel. Richardson v. Board of Regents, 70 Nev. 144, 261 P.2d 515 (1953). In Richardson this court did indicate that a provision of the University of Nevada System Code has the force of law. The effect of that conclusion, however, was to bind the Board to regulations it had previously established. Since Richardson did not concern a conflict between a Board regulation and a state statute, it is inapplicable to the case before us.[3]
The legislature in enacting the law codified in NRS 281.370 sets a sound, just and sensible employment policy for state and local governing boards. Applying the policy to the University of Nevada does not interfere with any constitutional rights or prerogatives of the Board of Regents. The trial court was correct in granting summary judgment to Professor Oakley, and we affirm its judgment.
GUNDERSON, C.J., MANOUKIAN and MOWBRAY, JJ., and O'DONNELL, District Judge,[4] concur.
NOTES
[1] NRS 281.370 provides as follows:

1. All personnel actions taken by state, county or municipal departments, agencies, board or appointing officers thereof shall be based solely on merit and fitness.
2. State, county or municipal departments, agencies, board or appointing officers thereof shall not:
(a) Refuse to hire a person because of such person's race, color, creed, national origin, sex or age, unless based upon a bona fide occupational classification.
(b) Discharge or bar any person from employment because of such person's race, creed, color, national origin, sex or age.
(c) Discriminate against any person in compensation or in other terms or conditions of employment because of such person's race, creed, color, national origin, sex or age, except as provided in NRS 284.3781. (Emphasis supplied.)
[2] Art. 11, § 7 of the Nevada Constitution calls for "a Board of Regents to control and manage the affairs of the university and the funds of the same under such regulations as may be provided by law. But the Legislature shall ... provide for the election of a new Board of Regents and define their duties." (Emphasis supplied.)
[3] In harmony with the reasoning and result in this decision is Levi v. University of Hawaii, 628 P.2d 1026 (Hawaii, 1981), in which the Hawaii Supreme Court examined a conflict between a Board of Regents retirement policy and a state age discrimination policy. Although the Hawaii constitution is arguably distinguishable from ours by specifically providing that the power given to university regents is not intended "to limit the power of the legislature," Levi is analogous to the immediate case in holding that the state statute is binding and prevails over contrary board regulations.
[4] The Governor designated Hon. Thomas O'Donnell, District Judge of the Eighth Judicial District, to sit in this case in place of the Hon. Cameron Batjer, who voluntarily recused himself. Nev.Const. art. 6, § 4.