KOOLAULOA WELFARE RIGHTS GROUP, an unincorporated association of low-income persons in the State of Hawaii; CHARLES PEREZ and VIOLET PEREZ, individually and on behalf of all persons similarly situated, Plaintiffs-Appellants, *v.* ANDREW CHANG, Director of the Department of Social Services and Housing, State of Hawaii; EDWIN TAM, Administrator of the Department of Social Services and Housing, State of Hawaii; and DEPARTMENT OF SOCIAL SERVICES AND HOUSING, State of Hawaii, Defendants-Appellees

NO. 8708

(CIVIL NO. 47912)

OCTOBER 18, 1982

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND CIRCUIT JUDGE CHANG IN PLACE OF CHIEF JUSTICE RICHARDSON, DISQUALIFIED

*Per Curiam.* This is an appeal from an order entered December 2, 1981 certifying a class of plaintiffs as of October 11, 1977. We

reverse and order dismissal of the case.

The complaint was filed on March 29, 1976, alleging that the appellees had violated § 91-3, HRS, in failing to promulgate, as rules, internal communication forms used by them in determining eligibility for certain public assistance payments by the State of Hawaii. It alleged that the named plaintiffs were bringing the action on their own behalf and on behalf of a class of recipients of public assistance who were specifically described in the complaint. No determination of a class action was made by the court. On August 26, 1977, the parties filed a "Stipulation and Order Requiring Notice of Proposed Compromise Upon Consent Agreement." The consent agreement was filed August 30, 1977. It purported to provide for and allow, *in futuro,* the issuance of regulations by the appellees in certain circumstances even if those regulations were not in accordance with Chapter 91, HRS. It was to be operative from and after August 11, 1977.

On October 11, 1977, a judgment on the terms set forth in the consent agreement was entered.

On December 1, 1981, the appellees filed a motion for the *nunc pro tunc* certification, as of the date of judgment, of a class represented by the named plaintiffs, consisting of certain public assistance recipients in Hawaii. The class description in the motion adopted the description set forth in the complaint. On December 2, that motion was granted and the order appealed from was entered. On December 3, counsel for appellants moved for reconsideration of the order.

On December 9, the same counsel filed a motion for an order modifying the consent decree agreement which was heard on December 24, 1981. As a result thereof, on January 11, 1982, the court entered an order nullifying the consent decree agreement, holding the same, insofar as its future operation went, to be against public policy. On January 28, 1982, the court denied the motion for reconsideration of the *nunc pro tunc* certification order and this appeal followed.

Rule 23(c)(1), HRCP, provides:

As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the

decision on the merits.

Rule 23(c)(3) provides in part:

    . The judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class.

Rule 23(e) provides:

    A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

The present appeal is apparently on behalf of the members of the class certified in the *nunc pro tunc* order other than the named plaintiffs.[1]

The affidavits filed in support of the motion for the *nunc pro tunc* certification order clearly reflect that it was based on "mistake." However, it was filed more than a year after the judgment and is, therefore, barred by the terms of Rule 60(b), HRCP, unless it was a "clerical mistake" correctable under Rule 60(a). The stipulation provided for certification but no determination was made and no order entered prior to the judgment. Whatever kind of a mistake it was, it was not a clerical mistake, and there was no power on the part of the court below to enter the order complained of.

Rule 23(c)(1) clearly contemplates that the class determination will be made before the decision on the merits. It was not and, hence, there was no class at the time the stipulation, consent agreement and judgment were entered into.

---

[1] As to the named plaintiffs, their stipulated agreement with the defendants clearly contemplated that the class would be certified. That is what they prayed for in their complaint. We cannot see how they are aggrieved by the order. The notice of appeal was taken by the Legal Aid Society as "Attorneys for Plaintiffs". Those attorneys had agreed to and urged on the court below the stipulation, order and judgment previously entered. Since the unnamed members of the class can only be aggrieved by the order if they are bound by the stipulated agreement to their detriment, it is difficult to conceive how the same counsel, who helped foist the consent agreement and judgment on the court, can here represent them without there being a conflict of interest. Nevertheless, the unnamed class members clearly are aggrieved by the certification order, and hence we will consider the appeal on the merits.

In the circumstances, the order complained of would be highly unjust since it would bind the unnamed class members to the compromise and judgment without their ever having had an opportunity to object thereto.

Rule 23(e) provides for a notice of a proposed compromise agreement. The notice given in this case was obviously defective. It did not describe the class so that a member could tell whether or not he or she was affected. It did not describe the basis for the complaint, or the relief being sought therein and it did not describe the relief being given by the compromise. Thus, there was no way a person reading the notice would have known that his or her rights were being affected by the compromise.

Moreover, we are here dealing with the procedure for promulgating rules and regulations under the State Administrative Procedure Act, HRS Chapter 91. While in the usual case it is undoubtedly true that parties may, among themselves, waive past irregularities in such matters, we know of no authority given to the parties or the court to suspend *in futuro* the statutory requirements for the promulgation of rules and regulations and make valid future rules and regulations promulgated contrary to statute, and yet, that is exactly the purport of the consent agreement and judgment.

The order nullifying the consent agreement on the ground that it was void as against public policy was, therefore, obviously correct, insofar as it went. But the consent agreement and the judgment entered thereon were *void ab initio* as to the promulgation of future rules and regulations because they were contrary to statute and beyond the power of the court. In these circumstances, we reverse the *nunc pro tunc* order granting certification.

Six years have now passed since the filing of the complaint. The public assistance laws have changed, the administrative officials have changed, the public assistance recipients have changed and even the Administrative Procedure Act has been amended. We, therefore, reverse the order appealed from and remand the case to the circuit court with instructions to dismiss the complaint.

*Ben H. Gaddis (Calleen J. Ching* and *Brenton Rogozen* on the briefs, Legal Aid Society of Hawaii) for appellants.

*Robert K. Richardson,* Deputy Attorney General, for appellees.