WERNER LEVI, for himself and all other persons similarly situated, Plaintiffs, and UNIVERSITY OF HAWAII PROFESSIONAL ASSEMBLY; and DEBRA A. LEE, individually and as Senator of Associated Students, University of Hawaii, Plaintiffs-Appellants, and ERNEST AKAMINE; C. WEBSTER ANDERSON; DANIEL C. BONBRIGHT; MAURICE BRODSKY; HAROLD BROWN; DWANE COLLINS; JOHN B. FERGUSON; THELMA KAUMEHEIWA; MARY LOU McPHERSON; JOHN J. NAUGHTON; FRANK NELSON; JOHN O'BRIEN; OUIDA FAY PAUL; MANLEY ST. DENIS; and YAO SHEN, Applicants-Intervenors-Appellants, *v.* UNIVERSITY OF HAWAII; STATE OF HAWAII; BOARD OF REGENTS of the University of Hawaii; and FUJIO MATSUDA, as President of the University of Hawaii, Defendants-Appellees

(CIVIL NO. 50238)

ERNEST AKAMINE; C. WEBSTER ANDERSON; DANIEL C. BONBRIGHT; MAURICE BRODSKY; HAROLD BROWN; DWANE COLLINS; JOHN B. FERGUSON; THELMA KAUMEHEIWA; MARY LOU McPHERSON; JOHN J. NAUGHTON; FRANK NELSON; JOHN O'BRIEN; OUIDA FAY PAUL; MANLEY ST. DENIS; and YAO SHEN, Plaintiffs-Appellants, *v.* UNIVERSITY OF HAWAII; STATE OF HAWAII; BOARD OF REGENTS of the University of Hawaii; and FUJIO MATSUDA, as President of the University of Hawaii, Defendants-Appellees

(CIVIL NO. 73530)

NO. 9134

MARCH 8, 1984

LUM, C.J., PADGETT, HAYASHI, JJ., INTERMEDIATE COURT
OF APPEALS CHIEF JUDGE JAMES S. BURNS, IN PLACE OF
NAKAMURA, J., DISQUALIFIED, AND INTERMEDIATE COURT
OF APPEALS ASSOCIATE JUDGE HARRY T. TANAKA,
IN PLACE OF WAKATSUKI, J., DISQUALIFIED

## OPINION OF THE COURT BY HAYASHI, J.

This is an appeal by plaintiffs Akamine, et al. taken from orders denying class certification and denying intervention in Civil Case No. 50238 *(Levi v. University of Hawaii)* and from a summary judgment entered against Akamine, et al. dismissing Civil Case No. 73530 *(Akamine v. University of Hawaii)* on the ground that the applicable statute of limitations had run. Appellants argue, and we agree, that the filing of the class action in Civil Case No. 50238 tolled the applicable statute of limitations for all proposed members of that class until class certification was denied. Thus, summary judgment was improperly granted.

This case originated in December, 1976, when Professor Werner Levi filed Civil Case No. 50238 as a class action against the University of Hawaii (U.H.) on behalf of all U.H. employees mandatorily retired at age sixty-five under a policy adopted by the U.H. Board of Regents on September 9, 1976. The suit also named the University of Hawaii Professional Assembly (U.H.P.A.) and U.H. student Debra A. Lee as plaintiffs bringing the action on behalf of all members of U.H.P.A. and all students of the U.H. adversely affected by the decision. The proposed class of professors eventually contained sixteen members, including Professor Ernest Akamine, who were affected by this policy decision. A summary judgment was entered against Levi, et al. in May 1977, on the ground that the retirement policy was constitutional, and plaintiffs timely appealed to this court. On May 22, 1981, this court

ruled that the U.H. Board of Regents exceeded·its powers under the State constitution and the policy was in contradiction with Hawaii Revised Statutes (HRS) § 78-3 which allowed State employees to be mandatorily retired at age seventy, and therefore unconstitutional. *Levi v. University of Hawaii,* 63 Haw. 366, 628 P.2d 1026 (1981).

On remand the plaintiffs moved for certification of the class. The motion, filed August 5, 1981, was denied on July 16, 1982. Akamine, et al., the remaining U.H. faculty adversely affected by the policy, sought to intervene under Hawaii Rules of Civil Procedure (HRCP) Rule 24(b) on July 7, 1982 and after that motion was denied, tried again under Rule 24(a) on September 29, 1982. That motion also was denied so Akamine and fourteen named plaintiffs filed a separate action against the U.H. in Civil Case No. 73530 on September 27, 1982. The lower court granted defendants' Motion for Summary Judgment on March 14, 1983, on the ground that the applicable statute of limitations had run since the cause of action arose in 1977.

## I.

Hawaii Rules of Civil Procedure (HRCP) Rule 23 provides for class actions where the proper requirements are met. Rule 23(c)(1) requires *"As soon as practicable* after commencement of an action brought as a class action, the court shall determine by Order whether it is to be so maintained." (Emphasis added). The burden of seeking certification rests on all parties to the case, and the language "as soon as practicable" clearly contemplates that the class determination should be made before the decision on the merits. *Koolauloa Welfare Rights Group v. Chang,* 65 Haw. 341, 652 P.2d 185 (1982).

The trial court is vested with broad discretion in deciding whether to certify a class and discretionary authority is normally undisturbed on review. *Life of the Land v. Land Use Commission, etc.,* 63 Haw. 166, 623 P.2d 431 (1981). Rule 23(a)(1) requires that the class be so numerous that joinder of all members be impracticable. Since in this case the proposed class contained approximately sixteen members, we cannot say that the trial court abused its discretion in denying certification.

## II.

The lower court's denials of the Motions for Intervention filed by Akamine, et al. were not based on the statute of limitations issue, although to be consistent with its later decision granting summary judgment based on the expiration of the statute of limitations, it should have denied the interventions for that reason. Since the statute of limitations question must be answered to determine whether the interventions were timely, we will address the tolling issue first.

Defendants' argument centers around the proposition that a tolling of the statute of limitations in class actions would revive stale claims and thus prejudice the defendants. As noted earlier, however, the defendant, like the plaintiff, is under a duty to settle class certification as soon as practicable, and so should be estopped from complaining about staleness. The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend. 51 AM. JUR. 2D *Limitations of Actions* § 17. The filing of a class action within the statute of limitations places a defendant on notice of the subject matter and size of the prospective litigation. Defendant is thereby apprised of the possible number of litigants and should not be rewarded for lack of diligence in seeking denial of certification.

One of the purposes of a class action suit is to prevent multiplicity of actions, thereby preserving the economies of time, effort and expense. This objective can be effectively achieved only by allowing the proposed members of a class to rely on the existence of a suit which protects their rights. We therefore adopt the rule enunciated in *American Pipe and Construction, Co. v. Utah,* 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), and clarified in *Crown, Cork and Seal Co., Inc. v. Parker,* _____ U.S._____, 103 S. Ct. 2392 (June 13, 1983) which states that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of a class who would have been parties had the suit continued as a class action. To hold otherwise would be to encourage intervention and filings of separate actions in the event class certification might be denied, thus creating the multiplicity of actions that class suits were designed to avoid.

The United States Supreme Court decision of *Crown, Cork* was designed to alleviate the inconsistent results which arose in federal courts after the *American Pipe* decision. Some courts had been applying the tolling rule only to putative class members who intervened after denial of class certification and not to those who filed individual actions.[1] The Supreme Court granted certiorari to resolve the conflict and in *Crown, Cork* extended the tolling provisions to all asserted members of the class, until class certification is denied.

### III.

Since we adopt the position taken by the United States Supreme Court in *Crown, Cork,* the motions for interventions were not time barred by the statute of limitations in this case.

The granting of permissive intervention or denial thereof is within the discretion of the trial court and will not be interfered with on appeal unless there has been an abuse of discretion. *Amfac Financial Corp. v. Pok Sung Shin,* 2 Haw. App. 428, 633 P.2d 1125 (1981). The plaintiffs have failed to establish that an abuse of discretion was made below, and have also failed to establish that they were entitled to intervention under HRCP Rule 24(a) as a matter of right. Finding no merit to the claims of error in the rulings on interventions, we affirm the lower court in this regard.

Since the applicable statute of limitations has been tolled for the plaintiffs in *Akamine v. University of Hawaii,* Civil No. 73530, we reverse and remand that case for proceedings consistent with this opinion. Civil Case No. 50238 should continue separate proceedings since Werner Levi was granted a Motion for Severance of Plaintiffs on February 7, 1983, and this appeal did not affect his cause of action.

Affirmed in part and reversed in part.

---

[1] *See, Pavlak v. Church,* 681 F.2d 617 (9th Cir. 1982); *Stull v. Bayard,* 561 F.2d 429 (2d Cir. 1977); *Arneil v. Ramsey,* 550 F.2d 774 (2d Cir. 1977) applying the limited tolling provisions. *But see, Susman v. Lincoln American Corp.,* 587 F.2d 866 (7th Cir. 1978); *McCarthy v. Kleindienst,* 562 F.2d 1269 (D.C. Cir. 1977); *Malone v. United States Postal Service,* 526 F.2d 1099 (6th Cir. 1975) which apply the tolling provisions to all asserted members of a class.

*T. Anthony Gill (Gill Park Park & Kim* of counsel) for applicants for intervention-appellants and plaintiffs-appellants.

*Edward Yuen* Deputy Attorney General for defendants-appellees.