**\*\*\* FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCRQ-22-0000097
02-SEP-2022
08:02 AM
Dkt. 28 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

BRAD COLES; KEI JA COLES REVOCABLE LIVING TRUST;
and 6650 HKD LLC, Plaintiffs-Appellants,

vs.

CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
(CASE NO. 1CCV-21-0000655)

_____

DAVID T. COOK, Plaintiff-Appellant,

vs.

CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
(CASE NO. 1CCV-21-0000662)

_____

MAGDY AREF and NEVINE MOUSTAFA, Plaintiffs-Appellants,

vs.

CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
(CASE NO. 1CCV-21-0000672)

_____

ERIN ISA DONLE; STANLEY ISA; and PEGGY ISA,
Plaintiffs-Appellants,

vs.

CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
(CASE NO. 1CCV-21-0000695)

-------------------------------------------------------------------

MICHELLE KUNITAKE, Plaintiff-Appellant,

vs.

CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
(Case No. 1CCV-21-0000750)

SCRQ-22-0000097

RESERVED QUESTIONS FROM THE
CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAIʻI

SEPTEMBER 2, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

**I.**

First came the flood: on April 13, 2018, torrential rains pummeled Oʻahu.

Then came the lawsuit: plaintiff Hakim Ouansafi filed a class action lawsuit against the City and County of Honolulu (the City) in the Circuit Court of the First Circuit. Ouansafi said that the City's failure to inspect and maintain its East Honolulu storm and drainage system (the Drainage System) was the

reason he, and other Honolulu residents like him, had been injured by the April 13, 2018 flood (the Flood).

Ouansafi moved for class certification. But before his motion was decided, he settled on an individual basis with the City. The court denied class certification.

After the denial of class certification, individuals affected by the Flood brought twelve separate actions against the City in the Circuit Court of the First Circuit. Seven of those actions were assigned to Judge Dean Ochiai. The City filed motions to dismiss in all seven. It argued the suits were barred because they did not comply with HRS § 46-72's (2012) two-year notice requirement.

HRS § 46-72 requires plaintiffs seeking to recover damages from the City for personal injury or property damage caused by a City official or employee's negligence to file a written notice of claim with the City no more than two years after their claim's accrual.[1]

The plaintiffs argued their suits were timely because — with respect to claims arising from the Flood — HRS § 46-72's statute of limitations was tolled between October 12, 2018 (when

---

[1]  HRS § 46-72 also imposes the same two-year notice requirement on plaintiffs seeking to recover damages from the City for property damage or personal injury that occurred on "any of the streets, avenues, alleys, sidewalks, or other public places of the county." HRS § 46-72.

Ouansafi filed his class action) and June 23, 2021 (when the court denied class certification in Ouansafi's suit).

Alongside its motions to dismiss, the City also filed motions to reserve questions pursuant to Hawaiʻi Rules of Appellate Procedure Rule 15(a)[2] in five of the cases before Judge Ochiai (the Individual Suits).  The City asked the trial court to reserve two questions of law to the Hawaiʻi Supreme Court for consideration:

> (1) Whether a class action complaint fails to satisfy the notice requirements of HRS § 46-72 because class action tolling does not apply to HRS § 46-72; and
>
> (2) Whether class action tolling of the two-year statute of limitations in HRS § 657-7 applies in the context of mass tort actions where a plaintiff is seeking personal damages such as emotional distress, and where the class representative's motion for class certification is denied on all four required prongs, including commonality.

The court granted the City's motions to reserve questions. We accepted these reserved questions[3] and resolve them as follows.

First, we hold that class action tolling applies to HRS § 46-72 and that a class action complaint may therefore satisfy the statute's notice requirement.

---

[2]    See Hawaiʻi Rules of Appellate Procedure Rule 15(a) (2010) ("A circuit court, the land court, the tax appeal court and any other court empowered by statute, may reserve for the consideration of the supreme court a question of law arising in any proceedings before it.  Questions may be reserved on motion of any party or on the court's own motion.  Reserved questions shall be electronically filed by the clerk of the court.").

[3]    Our order accepting reserved questions designated plaintiffs in Civil Nos. 1CCV-21-0000655, 1CCV-21-0000662, 1CCV-21-0000672, 1CCV-21-0000695, and 1CCV-21-0000750 as Appellants in this case.

4

Second, we hold that the availability of class action tolling turns not on whether or not the class action is a "mass tort," but rather on whether it provided the defendant notice of the subject matter and potential size of the litigation at issue. We conclude that because the Ouansafi complaint satisfied these requirements, class action tolling applies to the Individual Suits.

**II.**

Under HRS § 46-72, plaintiffs seeking to recover damages for property loss or personal injuries from a county of the State of Hawaiʻi have two years from the time of their loss or injury to give the county written notice of their claim:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

HRS § 46-72.

Though this statute "may appear to be a mere condition precedent to liability, it operates, in reality, as a statute of limitations." Silva v. City & Cnty. of Honolulu, 115 Hawaiʻi 1, 10-11, 165 P.3d 247, 256-57 (2007) (cleaned up).

5

In Levi v. University of Hawaii, 67 Haw. 90, 679 P.2d 129 (1984), we adopted the class action tolling rule announced in American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974), and held "that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of a class who would have been parties had the suit continued as a class action." Levi, 67 Haw. at 93, 679 P.2d at 132.[4] "To hold otherwise," we explained, "would be to encourage intervention and filings of separate actions in the event class certification might be denied, thus creating the multiplicity of actions that class suits were designed to avoid." Id.

HRS § 46-72's designation as a "notice" statute does not change the fact that it is effectively a statute of limitations. See Silva, 115 Hawaiʻi at 10-11, 165 P.3d at 256-57. And the same policy considerations that informed our holding in Levi apply to suits subject to HRS § 46-72. For this reason, we hold

---

[4]     In Levi, we adopted American Pipe's class action tolling as clarified by Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983). See 67 Haw. at 93-94, 679 P.2d at 132. In Crown, Cork & Seal, the Court clarified that class action tolling applies not just to putative class members who *intervene* following the denial of class certification, but also to those who file individual actions. 462 U.S. at 350.

that the filing of a class action tolls HRS § 46-72 as to the named plaintiff and all members of the putative class.[5]

### III.

Our analysis of whether class action tolling is available to former members of a putative class turns on whether the class action suit provided defendants *notice* of "the essential information necessary to determine both the subject matter and size of the prospective litigation."  See American Pipe, 414 U.S. at 555.  Not on whether or not the class action can be characterized as a "mass tort."[6]  Cf. Stevens v. Novartis Pharm. Corp., 247 P.3d 244, 253 (Mont. 2010) (holding that mass torts

---

[5]      In 2007, the legislature extended HRS § 46-72's limitations period from six months to "two years after the injuries accrued."  See 2007 Haw. Sess. Laws Act 152, § 8 at 284-85.  This amendment conformed HRS § 46-72's limitations period with that of the "general" personal injury statute of limitations found in HRS § 657-7 (2016).  See Silva, 115 Hawaiʻi at 8 n.6, 165 P.3d at 254 n.6.  Because HRS § 46-72's limitations period is now the same as that of HRS § 657-7, the City has no arguments available to it under HRS § 46-72 distinct from those available to other litigants under HRS § 657-7. The analysis as to *any sort* of tolling will be identical for HRS § 657-7 and HRS § 46-72.

[6]      This pragmatic approach to analyzing notice is consistent with the test we adopted in Oakley v. State for analyzing whether an individual who had given the City written notice of a claim had complied with HRS § 46-72.  In Oakley, we explained:

> that whenever, under [HRS § 46-72], a person files a written notice of claim, as contrasted with an absolute failure to file any written notice of claim, the issue is not a question of non-compliance but a question of sufficiency of compliance under all the circumstances of the case.  The test to determine sufficiency of compliance then is whether the municipal officials have been misled to their prejudice, under all the circumstances of the case, by the written notice of claim filed.  If they have not been misled and prejudiced then the written notice of claim complies sufficiently with the requirements of the statute.

54 Haw. 210, 217, 505 P.2d 1182, 1186 (1973).

may be subject to class action tolling and explaining that "[w]hile we may later encounter a situation in which a class action suit does not afford sufficient notice to the defendants of subsequent plaintiffs' claims, we do not believe we are faced with such an instance today").[7]

The Individual Suits share "a common factual and legal nexus" with the Ouansafi class action.  See Cowles v. Bank West, 719 N.W.2d 94, 105 (Mich. 2006) (explaining that for class action tolling to apply "the subsequent individual claims must share a common factual and legal nexus to the extent that the defendant would likely rely on the same evidence or witnesses in mounting a defense").  The Ouansafi suit and the Individual Suits are all factually concerned with damages caused by the Flood that they allege would not have occurred but for the City's approach to maintaining and operating the Drainage System.  Legally, each of the Individual Suits asserts the same five claims against the City that the Ouansafi suit asserted: (1) negligence; (2) trespass; (3) violation of the Constitution

---

[7]     See also Tosti v. City of L.A., 754 F.2d 1485, 1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled."); McCarthy v. Kleindienst, 562 F.2d 1269, 1275 (D.C. Cir. 1977) (holding that a finding of typicality is not a prerequisite for American Pipe tolling and observing that "if the court can conclude that the defendant has received 'the essential information necessary to determine both the subject matter and size of the prospective litigation,' then the doctrine of American Pipe may be applied" (quoting American Pipe, 414 U.S. at 555)).

of the State of Hawaiʻi, article I, section 20; (4) nuisance; and (5) negligent infliction of emotional distress.  Often, the Individual Suits assert these claims in language that is highly similar — if not nearly identical — to that of the Ouansafi complaint.[8]

The close factual and legal similarities between the Ouansafi suit and the Individual Suits mean that there will be overlap between the evidence and witnesses the City *would have* relied on to defend against the Ouansafi suit and the evidence and witnesses it will rely on in defending against the Individual Suits.

Because the Individual Suits and the Ouansafi suit share a common set of factual allegations and legal claims, we conclude that the Ouansafi suit provided the City notice of the subject matter of the prospective litigation.  Cf. Crown, Cork & Seal, 462 U.S. at 355 (Powell, J., concurring) ("[W]hen a plaintiff invokes American Pipe in support of a separate lawsuit, the

---

[8]    For instance, paragraph 83 of the complaint in Coles v. City and County of Honolulu, one of the Individual Suits, differs from paragraph 62 of the Ouansafi complaint only in that it: (1) calls the City "the City" (and not "the Defendant") and; (2) refers to Plaintiffs' "properties" instead of "real properties:"

> As a direct and proximate result of the City's design, failure to replace, operation, and/or maintenance of the Drainage System to exercise dominion over man-made and natural watercourses for the management and control of storm waters, Plaintiffs' properties have been repeatedly subject to erosion, inundation, and invasion by storm waters, causing Plaintiffs to suffer damage because of the unreasonable activities and conduct of the City.

district court should take care to ensure that the suit raises claims that concern the same evidence, memories, and witnesses as the subject matter of the original class suit, so that the defendant will not be prejudiced." (Cleaned up.))

The Ouansafi complaint also gave the City notice of the composition and approximate size of the putative class. It described the class Ouansafi sought to represent as "made up of residents of the City and County of Honolulu, State of Hawai'i, who, during the events related to [Ouansafi's suit], owned and occupied properties and residences in East Honolulu that were damaged or destroyed by the flooding on and after April 13, 2018." The complaint alleged that approximately 410 homes were damaged by the Flood and indicated that the State had *confirmed* damage to over 280 homes. Collectively, this information notified the City of "the number and generic identities of the potential plaintiffs who may participate in [the Ouansafi suit's] judgment." See American Pipe, 414 U.S. at 555.

Because the Ouansafi complaint provided the City "the essential information necessary to determine both the subject matter and size of the prospective litigation," see id., we conclude that it tolled the statute of limitations applicable to the Individual Suits.

10

**IV.**

We hold that class action tolling applies to HRS § 46-72 and that it may apply in the context of mass tort actions so long as the class action provided the defendant notice of the subject matter and approximate size of the prospective litigation.

Lyle S. Hosoda, Kourtney H. Wong, Spencer J. Lau
for Plaintiffs-Appellants

Kaliko J. Warrington
for Defendant-Appellee

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

